Stephen Lewis **WELLS**, Appellant–Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 76A03–0504–CR–190.

Court of Appeals of Indiana.

Oct. 31, 2005.

Transfer Denied Jan. 11, 2006.

Lorraine L. Rodts, Special Assistant to the Public Defender, Bloomington, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Stephen Lewis Wells appeals the sentence imposed following his guilty plea, asserting that the trial court erroneously sentenced him to eight years on a single count of Operating a Vehicle While Intoxicated Causing Serious Bodily Injury,[1] a Class D felony. Wells argues that the sentence must be set aside because an eight-year term on one class D felony exceeds the maximum penalty authorized by law.

Wells also contends that the sentence was inappropriate in light of the nature of the offense and his character, and that the trial court failed to give significant mitigating weight to his decision to plead guilty. Concluding that an apparent scrivener's error resulted in the omission of one count to which he pleaded guilty and the imposi-

1. Ind.Code § 9–30–5–4.

tion of the sentence, we remand this cause to the trial court for the purpose of allowing the trial court and the parties to correct the clerical error and for further proceedings, if necessary, that are consistent with this opinion. We also find that the sentence was appropriate when considering the nature of the offense and Wells's character.

## FACTS

The facts most favorable to the judgment are that on November 29, 2003, Wells was driving on County Road 50 in Steuben County. Intoxicated at the time, he struck Barbara Green's vehicle. As a result of the accident, Green suffered a fractured pelvis and left arm, facial lacerations, and bruising to the liver, brain, and kidney. On April 13, 2004, the State filed an information, charging Wells with the following offenses: (a) Count I, operating a vehicle while intoxicated causing serious bodily injury, a class D felony; (b) Count II, causing serious bodily injury when operating a vehicle with at least .08 gram alcohol content, a class D felony; and (c) Count III, being a habitual traffic violator (HTV), a class C felony.

During a guilty plea hearing that commenced on November 8, 2004, the parties notified the trial court that they had filed a proposed plea agreement. Pursuant to the terms of the agreement, which was filed with the trial court on October 1, 2004, Wells agreed to plead guilty to Counts I and III in exchange for a term of imprisonment of eight years, with four years suspended and a lifetime suspension of his driver's license. The State also agreed to dismiss Count II, and the trial court took the plea under advisement. When Wells's pre-sentence investigation report was prepared, the probation officer recommended that the trial court reject the plea agreement because it was too lenient in light of Wells's criminal history. Wells had accumulated five prior misdemeanor convictions, including one for driving while intoxicated, and four prior felonies. The felony convictions included burglary, receiving stolen auto parts, and two HTV counts.

Thereafter, during a sentencing hearing that was conducted on March 7, 2005, the parties entered into a modified plea agreement, which provided that Wells would plead guilty to Count I with sentencing left to the trial court's discretion. The agreement did not reference the HTV charge. At the hearing, the following colloquy took place between the trial court and Wells's defense counsel:

Trial Court: I have been advised by counsel in chambers that they are requesting a modification of the plea agreement.

Defense Atty: Yes, Your Honor. If I might approach, Your Honor, at this time I'm requesting that the court accept a new plea agreement that would call for the court to sentence at the court's discretion.

Trial Court: And I'm to consider this as a modification of the agreement you previously had?

Defense Atty: Correct, Your Honor.

Trial Court: Okay. And, Mr. Wells, is that what you want to do?

Defendant: Yes, sir.

Trial Court: *You understand that puts you at considerably more jeopardy than your prior plea agreement, which, I think had an eight-year sentence, four years suspended type of arrangement with probation terms involved?*

Defendant: *Yes, sir.*

Trial Court: Okay. And you are asking the court to impose sentence today?

Defendant: Yes, sir.

. . .

Trial Court: Okay. The court would accept the plea agreement, then as a modification of the agreement previously filed.

Tr. p. 31–32 (emphasis added).

Prior to imposing the sentence, the trial court commented as follows:

Let me begin by saying that *the original plea agreement was just not appropriate [or] commensurate with the offense. There's not enough time.* And I'm pleased that both counsel came to the position that they did where *they recognized that that was an insufficient amount of time in jail as a consequence of what's happening here and the devastating injuries that Ms. Green has suffered.* So we're here on your stipulation to an open sentencing.

Tr. p. 43 (emphasis added). The trial court ultimately accepted the modified plea agreement, and stated, "I think it's appropriate that you do the eight years." Tr. p. 45. In the end, the trial court sentenced Wells to eight years of imprisonment. However, the judgment of conviction and the abstract of judgment only reflected that a judgment was entered for the offense of driving while intoxicated as a class D felony. On the other hand, both documents showed that an eight-year sentence had been imposed. And at the close of the hearing, when the State moved to dismiss the counts that Wells did not plead guilty to, the trial court showed a dismissal of Counts II and III. Wells now appeals, initially claiming that the sentence cannot stand because eight years exceeds the maximum penalty allowed for a class D felony.

### DISCUSSION AND DECISION

#### I. *Excessive Sentence—Plea Agreement*

■ Wells argues that the sentence cannot stand because the trial court errone-ously imposed a sentence that exceeds the statutorily authorized maximum penalty for a Class D felony. In essence, Wells argues that by imposing an eight-year executed sentence for a Class D felony, the trial court violated Indiana code section 35–50–2–7, which establishes the maximum penalty for a Class D felony as a three-year term of imprisonment. The State, on the other hand, claims that the trial court made an apparent clerical error. To be sure, the State maintains that it is clear from the record that the parties intended for Wells to plead guilty to Counts I and III and, therefore, the only modification to the original plea was to allow open sentencing by the trial court.

In this case, the trial court unequivocally expressed the view that Wells should receive a greater sentence than eight years with four suspended, which had been called for in the original agreement. Tr. p. 43. It is apparent that sometime after the rejection of the original plea offer, the HTV charge was inadvertently omitted from the plea agreement. Hence, that error gave rise to the inconsistent results as to both the judgment of conviction and the abstract of judgment.

When the sentencing hearing commenced, Wells's counsel asked the trial court to accept a "modification of the agreement" that had previously been filed. Tr. p. 31. The specific modification was that, rather than having a prescribed eight-year sentence with four years suspended, sentencing would be left entirely to the trial court's discretion. At no point was there any mention of a modification to any of the remaining terms of the agreement. Just as compelling, Wells acknowledged that the modified plea agreement placed him in "considerably more jeopardy" than the original plea agreement, under which he would have received only eight years with four suspended. Tr. p.

31–32. And defense counsel even recommended to the trial court that it impose an eight-year sentence with two years suspended. Tr. p. 39. Given these circumstances, there is nothing in the record to show that the parties intended for Wells to plead guilty *only* to Count I. Were we to conclude otherwise, the trial court's remark that Wells ."should do the eight years," tr. p. 45, and the colloquy quoted above, would be rendered meaningless.

That said, the trial court and the parties should be afforded the opportunity to correct the clerical error that occurred, and not be compelled to accept an agreement into which none of them intended to enter. Hence, this cause should be remanded so that the trial court may correct the plea agreement, judgment of conviction, and abstract of judgment to accurately reflect the terms of the intended plea agreement. Alternatively, on the off chance that the parties' intent is not manifested once the scrivener's error is corrected, the agreement should be vacated in its entirety, and the parties should renegotiate a plea and enter into an agreement that mirrors their intent. Hence, we remand this case for that purpose.

## II. Mitigating Factors and Inappropriate Sentence

Assuming that the correction of the clerical error will cure the defect on remand, we go on to address Wells's remaining arguments as to whether the trial court failed to give significant weight to the fact that he pleaded guilty and whether the sentence was appropriate in light of the nature of the offense and Wells's character.

■ In addressing Wells's claim that the trial court failed to consider his decision to plead guilty as a mitigating factor, we note that an allegation that the trial court failed to identify a particular mitigating factor requires the defendant to estab-

lish that the mitigating evidence is both significant and clearly supported by the record. *Firestone v. State,* 774 N.E.2d 109, 114 (Ind.Ct.App.2002). Additionally, the trial court is not required to include within the record a statement that it considered all proffered mitigating circumstances. Rather, only those considered to be significant should be included. *Id.* Moreover, the trial court is not obligated to weigh or credit the mitigating factors the way a defendant suggests that they should be. *Abel v. State,* 773 N.E.2d 276, 280 (Ind.2002).

■ Here, we initially observe that Wells did not advance an argument to the trial court that his decision to plead guilty should be considered a mitigating circumstance. Hence, this issue is waived. *See Simms v. State,* 791 N.E.2d 225, 233 (Ind. Ct.App.2003) (holding that if the defendant fails to advance a mitigating circumstance at sentencing, this court will presume that the factor is not significant, and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal).

■ Waiver notwithstanding, our Supreme Court has also determined that a guilty plea does not automatically amount to a significant mitigating factor. *Sensback v. State,* 720 N.E.2d 1160, 1165 (Ind. 1999). For instance, a guilty plea does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against him is such that the decision to plead guilty is merely a pragmatic one. *Id.*

■ Here, Wells received a benefit in light of the State's dismissal of one of the charges against him. A review of the probable cause affidavit in his case demonstrates that the State had substantial evidence of Wells's guilt, including his own

admissions that he made to a Sheriff's deputy and the blood alcohol test results. Appellant's App. p. 8–18. In light of these circumstances, the trial court could have reasonably concluded that Wells's decision to plead guilty was largely a pragmatic one. Thus, the trial court was not required to accord significant weight to his guilty plea.

■ Finally, Wells asserts that the sentence was inappropriate. This court will not revise a sentence authorized by statute unless it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B); *Boner v. State*, 796 N.E.2d 1249, 1254 (Ind. Ct.App.2003). We must exercise great restraint in reviewing and revising sentences and recognize the special expertise of the trial bench in making sentencing decisions. *Wilkie v. State*, 813 N.E.2d 794, 802 (Ind. Ct.App.2004), *trans. denied.* Moreover, this court does not conduct a de novo review of sentences. *Groves v. State*, 787 N.E.2d 401, 410 (Ind.Ct.App.2003), *trans. denied.*

In this case, the record shows that Wells's decision to drink and drive at a time while his license was suspended for life has forever changed Barbara Green's life. As set forth above, Green suffered a number of serious injuries and, after a period of hospitalization, she had to spend over two months in a nursing home. Tr. p. 27–28. Also, her adult daughter had to move back home to assist Green because Green has significant mobility problems and can no longer perform the simplest of tasks. Tr. p. 39, 44–45.

Also, as we alluded to earlier in our discussion, the record shows that Wells has a lengthy criminal record. He has accumulated nine prior convictions as an adult that included two prior HTV convictions and two other felony convictions. Wells also had three prior convictions for driving while suspended and one for driving while intoxicated. Finally, the record shows that Wells had juvenile adjudications for burglary and theft. Appellant's App. p. 32–33. It is apparent that many of these prior convictions are similar in nature to the offenses that Wells committed here. Simply put, Wells's criminal record establishes his unwillingness to abide by the law, and it demonstrates that Wells has a complete disregard for the fact that he is not permitted to drive at all. That said, in light of Wells's extensive criminal history, his disregard for the law, and the extremely severe consequences of his criminal conduct in this incident, we conclude that an eight-year sentence is appropriate.

The judgment of the trial court is affirmed in part and this cause is remanded for further proceedings consistent with this opinion.

MATHIAS, J., concurs.

RILEY, J., dissents with opinion.

RILEY, Judge, dissenting with separate opinion.

I respectfully dissent from the majority's conclusion to remand the case to the trial court for correction of the clerical error in the plea agreement with regard to the missing HTV charge so as to accurately reflect the intent of the parties. Op. p. 478. While I agree with the majority to the extent that a mistake has been made, I am mindful that,

[a] plea agreement is a contract, an explicit agreement between the State and the defendant which is binding upon both parties when accepted by the trial court. Because a plea agreement is a contract, the principles of contract law can provide guidance in the consideration of plea agreements. The primary goal of contract interpretation is to give

effect of the parties' intent. *When the terms of the contract are clear and unambiguous, they are conclusive of that intent, and the court will not construe the contract or look to extrinsic evidence.* Rather we will merely apply the contractual provisions.

*Griffin v. State,* 756 N.E.2d 572, 574 (Ind. Ct.App.2001), *reh'g denied, trans. denied* (emphasis added). Here, the written terms of the modified plea agreement filed on March 7, 2005, provide both in the caption and in clause 1 that "[Wells] will plead guilty to the charge(s) of: [causing serious bodily injury when operating a vehicle while intoxicated] and the State will dismiss ____ court to sentence." (Appellant's App. p. 29). Accordingly, the plea agreement that was accepted by the trial court unequivocally and unambiguously states that Wells is only pleading guilty to Count I. Even though the terms of the modified plea agreement are clear and thus conclusive of the parties' intent; nevertheless, the majority, at the urging of the State, looked beyond the face of the agreement and considered extrinsic evidence in reaching its conclusion.

Thus, in light of the evidence before me, I respectfully part ways with the majority by recommending to vacate Wells' sentence and remand with instructions that a new sentence be crafted within the parameters of the terms of the written modified plea agreement and the law.