**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Mar 15 2012, 9:13 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHARLES R. SMITH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 78A04-1110-CR-585 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE SWITZERLAND CIRCUIT COURT
The Honorable W. Gregory Coy, Judge
Cause No. 78C01-1003-FB-107

**March 15, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Charles R. Smith pleaded guilty pursuant to a plea agreement to class B felony dealing in a Schedule II controlled substance. The trial court sentenced him to a ten-year sentence, with one year suspended. The court also ordered that this sentence be served consecutively to the sentence imposed for a separate criminal conviction emanating from Ohio County. Smith contends on appeal that the sentence is inappropriate.

We affirm.

The facts are that on March 25, 2010, Smith knowingly possessed with intent to deliver 180 tablets of oxycodone, a Schedule II controlled substance. Police also discovered a quantity of methodone hydrochloride pills. A search warrant was executed on Smith's home on that date, resulting in the discovery not only of the aforementioned oxycodone, but also of $10,700, $4000 of which Smith admitted were the proceeds of drug sales. He admitted to the officers on the scene that he had been selling drugs for approximately two years and that he purchased oxycodone from a source in Detroit, Michigan and methadone hydrochloroide from a source in Cincinnati, Ohio.

Following his arrest, Smith was charged with three counts of dealing in a Schedule II controlled substance as class B felonies, two counts of possession of a controlled substance as class D felonies, and maintaining a common nuisance, also as a class D felony. He entered into a plea agreement in which he pleaded guilty to one count of dealing in a Schedule II controlled substance in exchange for the State's agreement to drop the remaining charges. The parties further agreed that the sentence would be capped at ten years. Smith was sentenced on October 4, 2011, by which time he was incarcerated and serving a twenty-year sentence imposed for his November 9, 2010 conviction in Ohio County, Indiana of

2

dealing in a Schedule II controlled substance. The sentence for the Ohio County offense was imposed on March 18, 2011. The court imposed a ten-year sentence with one year suspended and ordered that the sentence be served consecutively to the sentence imposed for the Ohio County conviction.

Smith contends his ten-year sentence with one year suspended is inappropriate in light of his character and the nature of his offense. Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. Pursuant to Ind. Appellate Rule 7, the Supreme Court authorized this court to perform the same task. *Cardwell v. State*, 895 N.E.2d 1219 (Ind. 2008). Per App. R. 7(B), we may revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Wilkes v. State*, 917 N.E.2d 675, 693 (Ind. 2009), *cert. denied*, 131 S.Ct. 414 (2010). "[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d at 1223. Smith bears the burden on appeal of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073 (Ind. 2006).

With regard to the nature of the offense, Smith had been dealing drugs for approximately two years at the time he was arrested for the instant offense. Smith's illegal drug enterprise regularly crossed two state lines, as his identified sources were located in Michigan and Ohio. When the search warrant was executed, police discovered more than $10,000 hidden in a baseboard in the home in which he lived, $4000 of which he admitted were the proceeds of drug sales. Moreover, he admitted that if he had sold the oxycodone

then found in his possession he would have realized an additional $15,000 in proceeds. It appears, therefore, that his drug enterprise was not a small one.

Turning now to the character of the offender, we note that Smith pleaded guilty to the instant offense. The trial court accorded this some mitigating weight because it saved taxpayers the expense of a trial. We agree, although we are also mindful that the evidence of guilt was strong and Smith received a significant benefit for his guilty plea by virtue of the State's agreement to dismiss the remaining charges and cap his sentence at the advisory amount. This tends to diminish the mitigating value of the plea. *See Wells v. State,* 836 N.E.2d 475, 479 (Ind. Ct. App. 2005) ("a guilty plea does not rise to the level of significant mitigation ... where the evidence against him is such that the decision to plead guilty is merely a pragmatic one"), *trans. denied.* We note Smith's argument that we should consider the fact that he has behaved well while in prison. Our Supreme Court has rejected this proffered mitigating factor by observing that "this is expected of persons who are incarcerated." *Corcoran v. State*, 774 N.E.2d 495, 500 (Ind. 2002).

We note also Smith's argument that we should find mitigating weight in the fact that he became "very addicted" to prescription pain medicine as a result of a painful back condition he experienced while in high school, and that "he required more and more of the pills to keep the pain at bay." *Appellant's Brief* at 11. Although we might consider such as a factor in mitigation for an offense involving the use of a Schedule II controlled substance, we are not inclined to view it that way when the offense involved is a multi-state drug dealing operation. We also note Smith's criminal history, which includes a juvenile true finding for criminal mischief when he was sixteen years old, an adult conviction for reckless driving as a

4

B misdemeanor, and the Ohio County dealing in a Schedule II controlled substance as a class B felony. This is certainly not an extensive criminal history but the recent drug conviction in Ohio County is troubling because of what it reflects about the scope of Smith's drug dealing operation. Considering all of these factors together, we agree with the trial court that in light of the circumstances of this offense and Smith's character, the advisory ten-year sentence is appropriate.

Finally, we address Smith's claim that the imposition of the sentence consecutively to the sentence for the Ohio County conviction resulted in an inappropriate *aggregate* sentence. We note that Smith does not challenge the imposition of this sentence consecutively to the Ohio County sentence on grounds that it is unauthorized by statute or is not supported by aggravating circumstances. Rather, he contends that the aggregate thirty-year sentence effectively resulting therefrom is inappropriate. We reject this challenge to appropriateness on the same grounds we cited to reject the challenge to the appropriateness of the ten-year sentence. That is, Smith masterminded an ongoing, multi-state drug-dealing enterprise involving both oxycodone and methadone hydrochloride pills. The enterprise, which had been active for one and one-half to two years at the time of his arrest, apparently made thousands of dollars per week. We cannot say that the aggregate sentence resulting from the consecutive imposition of the instant sentence is inappropriate.

Judgment affirmed.

RILEY, J., and MATHIAS, J., concur.

5