**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 20 2012, 9:23 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**NICOLE A. ZELIN**
Greenfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ABIGAIL BEGEMAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 30A01-1204-CR-163 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

**APPEAL FROM THE HANCOCK SUPERIOR COURT**
The Honorable Dan E. Marshall, Judge
Cause No. 30D02-1203-CM-000394

**September 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

Abigail Begeman appeals the sentence she received for her convictions of battery, a Class A misdemeanor, Ind. Code § 35-42-2-1 (2009); resisting law enforcement, a Class A misdemeanor, Ind. Code § 35-44-3-3 (2011); disorderly conduct, a Class B misdemeanor, Ind. Code § 35-45-1-3 (2006); and public intoxication, a Class B misdemeanor, Ind. Code § 7.1-5-1-3 (2001).  We affirm.

## ISSUE

Begeman presents one issue for our review, which we restate as:  whether her sentence is inappropriate in light of the nature of the offenses and the character of the offender.

## FACTS AND PROCEDURAL HISTORY

At approximately 6 a.m. on March 22, 2012, Begeman and some friends were swimming in a creek and boisterously celebrating Begeman's release from jail just a few hours earlier.  When officers appeared on the scene, Begeman appeared to be intoxicated and admitted to drinking.  The officers asked Begeman to calm down but she continued yelling and then punched one of her friends in the face.  When the officers attempted to handcuff Begeman, she pulled her hands away and curled into the fetal position with her hands beneath her.  When the officers brought in a canine unit, Begeman complied with their requests.

Based upon this incident, Begeman was charged with battery, resisting law enforcement, disorderly conduct, and public intoxication.  At her initial hearing the day

2

after the incident, Begeman pleaded guilty to all charges and was sentenced to an aggregate executed sentence of one year. It is from this sentence that she now appeals.

DISCUSSION AND DECISION

Begeman contends that her sentence is inappropriate. We may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we determine that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). However, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). A defendant bears the burden of persuading the appellate court that his or her sentence has met the inappropriateness standard of review. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007).

To assess the appropriateness of the sentence, we look first to the statutory range established for the classes of the offenses. Here the offenses are Class A misdemeanors, for which the maximum sentence is one year, and Class B misdemeanors, for which the maximum sentence is 180 days. Ind. Code §§ 35-50-3-2 (1977), 35-50-3-3 (1977). Begeman was sentenced to one year on each of the two Class A misdemeanors and 180 days on each of the two Class B misdemeanors, with all of the sentences to be served concurrently.

3

Next, we look to the nature of the offenses and the character of the offender. The nature of the current offenses is that Begeman was intoxicated. Her lack of self-control, presumably due to her intoxication, resulted in her disturbing area residents at an early hour, injuring a friend, and resisting the police.

With regard to the character of the offender, these charges disclose Begeman's propensity for violence, even toward her friends, as well as her disrespect for lawful authority. In addition, Begeman exercised extremely poor judgment and character by becoming intoxicated and committing these offenses a mere four hours after she had been released from jail on other charges. The materials on appeal do not reveal Begeman's precise criminal history, but she admits to being released from jail just four hours prior to this arrest. *See* Tr. pp. 10-11. At the sentencing hearing, both the judge and Begeman referred to her criminal history, and the judge specifically indicated that with regard to Begeman's previous conviction he had sentenced her to only half of the maximum sentence even though the State had requested the maximum. The judge further told Begeman, "But you also don't stay out of trouble. . . . [M]a'am you need to realize that if you get in trouble in this county your track record is so bad the consequences are severe." *Id.* at 13.

Although Begeman pleaded guilty to these charges, it appears to have been a pragmatic decision rather than an acceptance of responsibility. *See Wells v. State*, 836 N.E.2d 475, 479 (Ind. Ct. App. 2005) (guilty plea does not rise to level of significant mitigation where evidence against defendant is such that decision to plead guilty is

merely pragmatic one), *trans. denied*. Moreover, the trial court stated it had already shown her leniency by not giving her the maximum sentence when she pleaded guilty to her previous charges. Tr. p. 12.

Additionally, Begeman suggests that her "medical condition" and "need for medical treatment" should be considered. The medical issue she is apparently referring to is treatment for a broken jaw she sustained in a car accident. She indicated to the court that there is metal in her mouth that is overdue to be removed. However, Begeman had a chance at the time she committed these charges – having been released from jail only four hours earlier – to use this opportunity of freedom to take care of things in her life she had neglected, such as medical care, and she chose instead to become intoxicated and cause problems in her community. This, again, shows poor decision-making on her part.

Finally, Begeman asserts that her need for substance abuse treatment should be taken into account. It is apparent from her statements at the sentencing hearing that she has known for some time that she has a substance abuse problem but has done nothing to attempt to treat it until her arrest for the instant offenses. The judge noted his skepticism when he stated, "You understand that my acceptance of your conversion to this position since it's less than twenty-four hours old, you really can't convince me to send you out on probation ma'am. It just . . . isn't supported." *Id.* In support of his decision, the judge noted that Begeman "couldn't go four hours" without drinking and getting into trouble. *Id.* It appears that Begeman could have previously obtained help for her

5

substance abuse issues and re-directed her life path; however, she chose not to and instead continued her pattern of substance abuse and criminal behavior.

Begeman has not carried her burden of persuading this Court that her sentence has met the inappropriateness standard of review. *See Anglemyer*, 868 N.E.2d at 494. We do not find her sentence to be inappropriate in light of the nature of the offenses and her character.

CONCLUSION

Based upon the foregoing, we conclude that Begeman's sentence is not inappropriate.

Affirmed.

MAY, J., and VAIDIK, J., concur.