**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**ROBERT J. HARDY**
Hardy Law Office
Auburn, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW R. FALK**
Deputy Attorney General
Indianapolis, Indiana



FILED

Sep 26 2012, 9:15 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

DANIEL NOLAN,                          )
                      )
      Appellant,                        )
                      )
        vs.                              )     No. 17A03-1205-CR-215
                      )
STATE OF INDIANA,                      )
                      )
      Appellee.                         )

APPEAL FROM THE DeKALB SUPERIOR COURT
The Honorable Monte Brown, Judge
Cause No. 17D02-1012-FC-46

**September 26, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Daniel Nolan ("Nolan") appeals the eight-year sentence imposed after he pleaded guilty to Class C felony incest. He argues that the DeKalb Superior Court erred in failing to consider his guilty plea as a mitigating circumstance and that his sentence is inappropriate in light of the nature of the offense and the character of the offender. We affirm.

**Facts and Procedural History**

In 2006, Nolan's eighteen-year-old biological daughter D.N. moved in with fifty-five-year-old Nolan. Shortly thereafter, Nolan and D.N. became involved in a sexual relationship. D.N. claims that she did not consent to the vaginal, oral, and anal sexual acts, and that Nolan often gave her money the following morning to make her feel better. Nolan also videotaped D.N. while they were having sexual intercourse.

D.N. eventually reported the sexual activity to the DeKalb County Sheriff's Department. When deputies questioned Nolan, he explained that he and D.N. had a prostitution agreement, and that he had paid D.N. $12,000 in four months to engage in sexual activity with him. According to Nolan, every state should have legalized prostitution because he does not want to date women, he just wants to have sexual intercourse. When asked if he thought it was wrong to have sexual intercourse with his daughter, Nolan responded that he had "no morals about that." Appellant's App. p. 97.

In December 2010, the State charged Nolan with Class C felony incest and with an enhancement charge as a repeat sexual offender. In October 2011, Nolan pleaded guilty to incest in exchange for the State's dismissal of the repeat sexual offender enhancement. At the sentencing hearing, Nolan claimed that D.N. was a "victim of her own greed." Tr.

p. 40. Although unclear what prompted the exchange, Nolan turned to his daughter during the sentencing hearing and said, "Oh, screw you." Tr. p. 40.

After the hearing, the trial court found the following aggravating factors: 1) Nolan's past criminal activity described in the Pre-Sentence Investigation Report, which includes a prior conviction for molesting D.N.'s sister; 2) Nolan's past criminal history has not rehabilitated him; 3) Nolan previously molested D.N. in 1992 and has now twice victimized one of his own daughters; 4) the incest was not an isolated incident but part of a series of acts that occurred between five and fifty times; and 5) Nolan's statements, conduct, and demeanor during the course of the sentencing hearing reflected a complete lack of remorse. The trial court found no mitigating circumstances and sentenced Nolan to eight years in the Department of Correction. Nolan appeals his sentence.

**Discussion and Decision**

Nolan first argues that the trial court erred in failing to consider his guilty plea as a mitigating circumstance. However, a guilty plea does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against him is such that the decision to plead guilty is merely a pragmatic one. Wells v. State, 836 N.E.2d 475, 479 (Ind. Ct. App. 2005), trans. denied. Here, Nolan received a benefit in light of the State's dismissal of the repeat sexual offender enhancement. There is also substantial evidence of Nolan's guilt, including his own admission that he engaged in a sexual relationship with his daughter. In light of these circumstances, the trial court could have reasonably concluded that Nolan's decision to

3

plead guilty was largely a pragmatic one. The trial court did not abuse its discretion in failing to consider Nolan's guilty plea as a mitigating factor.

Nolan also argues that his eight-year sentence is inappropriate in light of the nature of the offense and the character of the offender. Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence imposed by the trial court. Alvies v. State, 905 N.E.2d 57, 64 (Ind. Ct. App. 2009) (citing Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007)). This appellate authority is implemented through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Anglemyer, 868 N.E.2d at 491.

However, we defer to a trial court's sentencing decision, both because Rule 7(B) requires us to give due consideration to that decision, and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions. Stewart v. State, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). The burden is on the defendant to persuade us that his sentence is inappropriate. Reid v. State, 876 N.E.2d 1114, 1116 (Ind. 2007). Finally, although we have the power to review and revise sentences, the principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial court and those charged with improvement of the sentencing statutes, but not to achieve a perceived "correct" result in each case. Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008).

Indiana Code section 35-5-0-2-6 provides that a person who commits a Class C felony shall be imprisoned for a fixed term of between two (2) and eight (8) years, with the advisory sentence being four (4) years. Here, Nolan pleaded guilty to one count of Class C felony incest and was ordered to serve eight (8) years in the Department of Correction.

Concerning the nature of the offense, fifty-five-year-old Nolan had sexual intercourse with his eighteen-year-old daughter. Nolan explained that he had a prostitution agreement with D.N., and that he had paid her $12,000 in four months. With regard to the character of the offender, Nolan previously molested D.N. and her sister when they were children, and that he had "no morals about" having a sexual relationship with his daughter. Appellant's App. p. 97. Based upon the foregoing, we cannot conclude that Nolan's eight-year executed sentence in the Department of Correction is inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

VAIDIK, J., and BARNES, J., concur.