**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JOHN C. BOHDAN**
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LEE E. DAVIS, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A04-1205-CR-241 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D06-1108-FB-167

**December 27, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

STATEMENT OF THE CASE

Lee Davis Jr. appeals the sentence he received for his conviction of robbery, a Class B felony. Ind. Code § 35-42-5-1 (1984).

We affirm.

ISSUE

Davis presents one issue for our review: whether his sentence is inappropriate.

FACTS AND PROCEDURAL HISTORY

On July 28, 2011, Davis and three other individuals robbed a McDonald's restaurant in Fort Wayne while at least one of them was armed with a gun. The men pointed a gun at the heads of two employees, and, while brandishing the gun, the men ordered the employees to the floor and took the manager to the safe. After obtaining money from the safe, the men left the restaurant. As they were crossing through the yard of a home, they encountered its resident. The men ordered the resident to lie on the ground at gunpoint and hit him in the head with a bag. The men were later apprehended, and Davis was charged with robbery.

Davis pleaded guilty without a plea agreement, and the trial court sentenced him to fifteen years. It is from this sentence that he now appeals.

DISCUSSION AND DECISION

Davis contends that his fifteen-year sentence is inappropriate. Particularly, he argues that he should have received no more than the advisory sentence because he accepted responsibility for his criminal behavior by pleading guilty.

2

We may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we determine that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). A defendant bears the burden of persuading the appellate court that his or her sentence has met the inappropriateness standard of review. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007).

To assess the appropriateness of the sentence, we look first to the statutory range established for the class of the offense. Here, the offense is a Class B felony, for which the advisory sentence is ten years, with a minimum sentence of six years and a maximum sentence of twenty years. Ind. Code § 35-50-2-5 (2005). Davis was sentenced to fifteen years.

Next, we look to the nature of the offense and the character of the offender. As to the nature of the current offense, Davis and his companions robbed a restaurant at gunpoint, terrorizing the employees and the customers. They also accosted a man in his own yard, striking him in the head.

With regard to the character of the offender, we observe that Davis has a notable criminal history. He was placed on informal adjustment three times as a juvenile. As an adult who was just twenty-two years old at the time of sentencing, he had already accumulated three misdemeanor convictions and one felony conviction. He had previously had his probation revoked, and he was on parole at the time he committed the instant offense. According to his presentence investigation report, Davis is at high risk to

reoffend. Moreover, although Davis attended substance abuse treatment, he indicated that he has used marijuana daily since age eighteen, cocaine three times per week since age nineteen, and that he has experimented with ecstasy.

In his brief, Davis points out that his act of pleading guilty is a mitigating circumstance and that there are insufficient indicators to suggest he was an inappropriate candidate for a suspended sentence. At sentencing, the trial court acknowledged the mitigating quality of Davis' plea, but also recognized that Davis' juvenile and criminal record and failed efforts at rehabilitation were aggravating circumstances.

Although Davis pleaded guilty to this charge, we note the pragmatism of this decision based upon the evidence against him. *See Wells v. State*, 836 N.E.2d 475, 479 (Ind. Ct. App. 2005) (guilty plea does not rise to level of significant mitigation where evidence against defendant is such that decision to plead guilty is merely pragmatic one), *trans. denied*. Additionally, he has several convictions and has violated his probation. Moreover, he was on parole at the time he committed the instant offense. It is clear that prior leniency has proven ineffective to rehabilitate Davis, and this offense is further proof that a longer period of incarceration is appropriate. Davis has not carried his burden of persuading this Court that his sentence has met the inappropriateness standard of review. *See Anglemyer*, 868 N.E.2d at 494. We do not find his sentence to be inappropriate in light of the nature of the offense and his character.

## CONCLUSION

Based upon the foregoing, we conclude that Davis' sentence is not inappropriate.

4

Affirmed.

MATHIAS, J., and PYLE, J., concur.