Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 14 2014, 9:38 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW J. MCGOVERN**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

CHARLES J. DEAN,                                )
                                                )
    Appellant-Petitioner,              )
                                                )
      vs.                             )    No. 22A01-1402-CR-98
                                                )
STATE OF INDIANA,                               )
                                                )
    Appellee-Respondent.               )

APPEAL FROM THE FLOYD SUPERIOR COURT
The Honorable Susan L. Orth, Judge
Cause No. 22D01-1303-FB-507

**August 14, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Charles Dean ("Dean") pleaded guilty in Floyd Superior Court to Class B felony dealing in a schedule I controlled substance. Dean appeals the trial court's sentencing order from that plea, claiming that his thirteen-year sentence executed in the Department of Correction is inappropriate in light of the nature of the offense and character of the offender.

We affirm.

## Facts and Procedural History

On March 6, 2013, a confidential informant purchased one gram of heroin from Dean in a controlled buy conducted by the New Albany Police Department. Two days later, the State charged Dean with one count of Class B felony dealing in a Schedule I controlled substance. About one month later, on April 5, 2013, the State filed motions to amend the charging information to add one count of being a habitual offender and one count of being a habitual substance offender. The trial court granted the motions.

Dean pleaded guilty to Class B felony dealing in a Schedule I controlled substance on November 21, 2013. The plea agreement capped the executed portion of Dean's sentence at thirteen years.

At the February 18, 2014 sentencing hearing, the trial court identified the following mitigating factors: Dean's health problems; his military service; the fact that he earned a GED and completed some college classes while incarcerated; the fact that Dean submitted a substance abuse plan for the jail while incarcerated; Dean's mentorship of younger inmates; and Dean's completion of jail life skills programs while incarcerated.

2

The trial court found Dean's criminal history and the fact that he committed the crime while on parole for three prior offenses to be aggravating factors. The court stated:

> In looking at your Presentence Report and your prior criminal history, neither I nor your probation officer could find a significant period of time that you have been able to be law abiding without drugs putting a screeching halt to anything that you're doing. Your probation officer recommends that you not receive probation, and that's due to prior violations, that you were on probation when this crime was committed, and that you have pending violations in Kentucky. So in weighing the mitigating and the aggravating factors, I do find that the aggravating factors far outweigh the mitigating ones.

Tr. p. 39. The trial court sentenced Dean to thirteen years executed in the Department of Correction and ordered that he receive treatment for substance abuse.

Dean now appeals.

**Discussion and Decision**

Dean argues that his thirteen-year sentence is inappropriate in light of the nature of the offense and the character of the offender. He asks this court "to revise his sentence to the advisory sentence of ten years with one year to be served in a halfway house that offers intensive drug treatment." Appellant's Br. at 9.

Under Indiana Appellate Rule 7(B), we may "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Although we may review and revise a sentence, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895

3

N.E.2d 1219, 1225 (Ind. 2008). We must give "deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." Trainor v. State, 950 N.E.2d 352, 355-56 (Ind. Ct. App. 2011), trans. denied (quoting Stewart v. State, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007)) (internal quotation marks omitted.).

When we review the appropriateness of a sentence, we consider "all aspects of the penal consequences imposed by the trial judge." Davidson v. State, 926 N.E.2d 1023, 1024 (Ind. 2010). This includes, "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Cardwell, 895 N.E.2d at 1224. The defendant has the "burden to persuade us that the sentence imposed by the trial court is inappropriate." Shell v. State, 927 N.E.2d 413, 422 (Ind. Ct. App. 2010).

The advisory sentence for a Class B felony is ten years with a sentencing range between six and twenty years. Ind. Code § 35-50-2-5. Dean's sentence, which is seven years less than the maximum sentence allowable for a Class B felony, is not inappropriate in light of the nature of the offense or the character of the offender.

Considering first the nature of Dean's offense, we note that Dean sold approximately one gram of heroin to a confidential informant and that Dean was on parole for three other offenses at the time of the crime. Upon his arrest, officers discovered an additional $1,756 on his person. One could reasonably infer from this fact that Dean had been involved with other drug activity shortly before his arrest.

4

With regard to the character of the offender, Dean emphasizes that he served in the military, that he submitted a proposed substance abuse plan for the Floyd County Jail, that he completed two life skills programs while incarcerated, and that he served as a mentor for other inmates. Dean also notes that he suffers from health problems, including hepatitis C, heart disease, diabetes, and chronic obstructive pulmonary disease.

What Dean does not discuss in his brief is his age. Sixty-three-year-old Dean has a criminal history that spans four decades, with over thirty charges and eleven convictions. Dean has been treated leniently for prior convictions, receiving probation and parole, but has violated probation and was on parole at the time he committed the instant offense. See Rich v. State, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008), trans. denied (committing "offenses while on probation is a substantial consideration in our assessment of his character"). Dean contends that he has never received proper substance abuse treatment, but the record indicates that Dean refused to participate in a rehabilitation treatment program in 1985. Furthermore, we cannot say that Dean's guilty plea necessarily shows that Dean feels remorse for his actions because his decision to plead guilty appears to be merely a pragmatic decision, in light of the evidence against him. See Wells v. State, 836 N.E.2d 475, 479 (Ind. Ct. App. 2005), trans. denied (providing that a guilty plea is not necessarily a showing of remorse and does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against him is such that the decision to plead guilty is merely a pragmatic one). Dean's substantial criminal history, much of it drug-related, together with his consistent inability to live a law-abiding life over four decades are important and

serious aggravators compared to the few, though laudable, mitigators he proffered to the trial court at sentencing.

For all of these reasons, we conclude that Dean's thirteen-year executed sentence is not inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

RILEY, J., and CRONE, J., concur.

6