## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 13 2015, 8:12 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Christopher L. Clerc
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lori L. Cobb, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | August 13, 2015 <br><br> Court of Appeals Cause No. 03A01-1502-CR-73 <br><br> Appeal from the Bartholomew Circuit Court <br><br> The Honorable Stephen R. Heimann, Judge <br><br> Cause No. 03C01-1010-FA-2220 |

**Najam, Judge.**

## Statement of the Case

[1] Lori L. Cobb appeals the trial court's order that she serve her previously suspended sentence after the court revoked her probation. Cobb raises a single

issue for our review, namely, whether the trial court abused its discretion when it ordered Cobb to serve her previously suspended sentence.  We affirm.

## Facts and Procedural History[1]

On December 29, 2010, Cobb pleaded guilty to dealing in cocaine, as a Class B felony.  Thereafter, the trial court sentenced Cobb to eleven years in the Department of Correction (DOC), with five years suspended to probation.  However, on September 1, 2011, upon Cobb's request the court modified her sentence and placed her in a community transition program effective that same date.  The court then modified the conditions of Cobb's probation and extended her probationary term.

On December 4, 2014, the State filed its notice of probation violation, which it later amended.  The court held a hearing on the State's amended notice on January 26, 2015.  At that hearing, Cobb admitted to each of the State's alleged violations.

The court revoked Cobb's probation and ordered her to serve "the balance of her sentence of 11 years in the DOC.  [Cobb] receives credit for 152 actual days

---

[1] We note that Cobb's brief on appeal omits a statement of facts.

(10/20/10 to 1/25/11 and 12/3/14 to 1/25/15)."[2] Appellant's App. at 6. This appeal ensued.

## Discussion and Decision

[5] Cobb appeals the trial court's order that she serve the balance of her previously suspended sentence. As our supreme court has explained:

> Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.

*Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (citations omitted).

[6] Cobb's only argument on appeal is that the trial court erred when it ordered her to serve the balance of her sentence because the court did not give mitigating weight to her admissions to the State's allegations of her probation violations.

---

[2] It is not clear why Cobb did not receive credit for time she apparently served between January 25, 2011, and September 1, 2011, but Cobb does not raise this possible issue on appeal, and the lack of facts in her brief and potentially relevant documents in the appendix does not enable this court to assess this possible issue.

But "trial courts are not required to balance aggravating or mitigating circumstances when imposing sentence in a probation revocation proceeding." *Treece v. State*, 10 N.E.3d 52, 59 (Ind. Ct. App. 2014), *trans. denied*. In any event, nothing in Cobb's argument on appeal demonstrates that her admissions were entitled to mitigating weight. Cobb was knowingly in the company of other people on probation, possessed drug paraphernalia, tested positive for methamphetamine and cocaine, and failed to pay fees, costs, and restitution as ordered. And she made her admissions on the day of the hearing, and the State's evidence (e.g., a failed drug test) against her was clear. *E.g.*, *Wells v. State*, 836 N.E.2d 475, 479 (Ind. Ct. App. 2005), *trans. denied*. At best, Cobb's argument on appeal is a request for this court to reweigh the evidence before the trial court, which we will not do. We cannot say that the trial court abused its discretion when it ordered Cobb to serve her previously suspended sentence.

[7] Affirmed.

Kirsch, J., and Barnes, J., concur.