## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 27 2019, 8:26 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John A. Kindley
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Darrell L. Berry,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 27, 2019

Court of Appeals Case No.
18A-CR-2916

Appeal from the St. Joseph
Superior Court

The Honorable Elizabeth C.
Hurley, Judge

Trial Court Cause No.
71D08-1803-F5-49

**Bradford, Judge.**

# Case Summary

[1] Darrell Berry pled guilty to Level 5 felony battery and was sentenced to a four-year term in community corrections. On appeal, Berry contends that his four-year sentence is inappropriate. We affirm.

# Facts and Procedural History

[2] On March 2, 2018, Berry touched C.P. in a rule, insolent, or angry manner. On March 7, 2018, the State charged Berry with Count I – Class B misdemeanor battery, Count II – Class A misdemeanor resisting law enforcement, and Count III – Level 5 felony battery. In charging Berry with this elevated battery charge, the State alleged that in 2016, Berry was convicted of Class A misdemeanor domestic battery, with C.P. as his victim. On September 24, 2018, Berry pled guilty to the Level 5 felony battery charge. In exchange, the State agreed to drop Counts I and II. The trial court accepted Berry's guilty plea and, on November 2, 2018, sentenced him to a four-year term to be served in St. Joseph County Community Corrections.

# Discussion and Decision

[3] Berry contends that his four-year sentence is inappropriate in light of the nature of his offense and his character. Specifically, Berry argues that "there is nothing about this case and nothing cited by the judge that would indicate that a sentence higher than the advisory was appropriate." Appellant's Br. p. 5. We disagree.

[4] Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In analyzing such claims, we "concentrate less on comparing the facts of [the case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character." *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (internal quotation omitted). The defendant bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

[5] With respect to the nature of Berry's offense, the record reveals that Berry's criminal act of battering C.P. was elevated to a Level 5 felony because he had previously been convicted of battering C.P. The record further reveals that in addition to the prior conviction noted in the charging information for the elevated battery charge, Berry has another unrelated conviction for battering C.P. Berry's act of battering C.P. was not an isolated event as his criminal record reveals a pattern of Berry victimizing C.P.

[6] In addition to his convictions involving violence against C.P., Berry's criminal history includes misdemeanor convictions for operating a vehicle while intoxicated and leaving the scene of an accident. He has also committed numerous probation violations. In sentencing Berry, the trial court noted that while Berry's criminal history "might not be the worst criminal history, the

repeated type of crime, nature of crime … gives me a lot of pause, a lot of concern." Tr. Vol. II p. 19. We share the trial court's concern. Berry's actions have demonstrated a disregard for both C.P.'s well-being and for the laws of this state.

[7] Further, to the extent that Berry claims his guilty plea reflects well on his character, we have previously held that a guilty plea does not automatically signify a positive character trait, especially in cases where, as here, the defendant has received a benefit from the plea or "where the evidence against him is such that the decision to plead guilty is merely a pragmatic one." *See Wells v. State*, 836 N.E.2d 475, 479 (Ind. Ct. App. 2005), *trans. denied*. In this case, Berry pled guilty after viewing the exhibits that the State planned to introduce into trial and in exchange for other charges being dropped. As such, we conclude that Berry's decision to plead guilty was more of a pragmatic decision rather than a display of positive character. Berry has failed to convince us that his four-year sentence is inappropriate.

[8] The judgment of the trial court is affirmed.

Crone, J., and Tavitas, J., concur.