**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**BRYAN E. BARRETT**
Rush County Public Defender's Office
Rushville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana



FILED

Sep 28 2012, 9:18 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

MICHAEL SOPHER,                    )
                                   )
    Appellant-Defendant,           )
                                   )
        vs.                        )      No. 70A01-1203-CR-133
                                   )
STATE OF INDIANA,                  )
                                   )
    Appellee-Plaintiff.            )

APPEAL FROM THE RUSH CIRCUIT COURT
The Honorable David E. Northam, Judge
Cause No. 70C01-1108-FB-502

**September 28, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Michael Sopher pleaded guilty pursuant to a plea agreement to class C felony child molesting. The trial court imposed an eight-year executed sentence. Sopher challenges the sentence, presenting the following restated issues for review:

1.    Did the trial court err in finding improper aggravating circumstances and misdemeanor-weighing the mitigating circumstances?

2.    Did the trial court impose a sentence that is inappropriate in light of the nature of the offense and the character of the offender?

We affirm.

The facts favorable to the conviction are that on August 9, 2011, Sopher was visiting a home with his mother. The owners of the home had a daughter, five-year-old B.M. At some point, Sopher went upstairs and began looking at pornographic websites on a computer. Defendant had pulled down his pants and was masturbating when B.M came into the room. He told her to touch his erect penis, which she did. Sopher was eighteen years old at the time. He knew B.M. was five years old because he had been a guest at her most recent birthday party.

In connection with this incident, the State charged Sopher with class C felony child molesting, class B felony criminal deviate conduct, and class D felony sexual battery. Sopher and the State entered into a written plea agreement by which Sopher agreed to plead guilty to class C felony child molesting in exchange for the State's agreement to dismiss the other two charges and an unrelated, pending case for driving while suspended. Pursuant to the agreement, sentencing was left to the trial court's discretion.

A sentencing hearing was conducted at which Sopher apologized for his actions. He informed the court he had very limited reading and writing skills. He also claimed that he

2

had been diagnosed with ADD and ADHD, but had not received treatment for the latter conditions. The evidence indicated that Sopher was unemployed and drawing disability benefits. At the conclusion of the hearing, the trial court found two mitigating factors: Sopher's remorse and his guilty plea. With respect to the latter, however, the court noted that Sopher had received a benefit from entering into the plea agreement. The court noted that he had no adult criminal history, but observed that this "may have something to do with … his young age." *Transcript* at 51.

The trial court found as aggravating circumstances that Sopher had made threats to B.M. to coerce her silence and noted that those threats were brought to the court's attention in letters written to the court by several members of B.M.'s family in anticipation of sentencing. According to B.M.'s great-aunt, those threats included that he would "do it to her again when she is 10." *Exhibit Index, Exhibit* 1. The court also cited Sopher's "extensive juvenile record", but stressed that it would not consider status juvenile offenses such as curfew violations and runaway. *Transcript* at 51. The court expressly did not consider the victim's age or the results of a risk-assessment test that indicated Sopher presented a low risk of reoffending. The trial court sentenced B.M. to eight years imprisonment, the maximum allowable sentence for a class C felony.

1.

Sopher contends the trial court erred in finding improper aggravating circumstances and in failing to accord sufficient weight to the mitigating circumstances properly found by the court. "[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222

3

(Ind. 2008). The trial court must enter a sentencing statement that includes its reasons for imposing a particular sentence. *Anglemyer v. State,* 868 N.E.2d 482 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218. If such includes a finding of aggravating or mitigating circumstances, the statement must identify all significant mitigating and aggravating circumstances. *Id.*

Sopher sums up his contention with respect to the mitigating circumstances found by the trial court as follows:

> The Defendant argues he is entitled to a sentence less than the maximum for his acceptance of responsibility, his willingness to plead guilty to a crime for which he was originally charged, and his remorse expressed to the victim and her family. Further, the Defendant did not have any criminal history as an adult. The Defendant submits that the trial court did not appropriately weigh the aforementioned mitigating factors.

*Appellant's Brief* at 5. Essentially, Sopher claims the trial court did not properly weigh the mitigating factors. This claim is beyond our purview. *See Webb v. State,* 941 N.E.2d 1082, 1088 (Ind. Ct. App. 2011) ("[t]he relative weight given to the aggravating and mitigating factors is not subject to review"), *trans denied.*

Sopher next contends the trial court erred in identifying two aggravating circumstances. The first is that the trial court erred in citing threats Sopher made to B.M. These threats appear to have been substantiated only in letters written by B.M.'s family to the court in anticipation of sentencing. His entire argument on this point is reproduced here:

> The trial court also relied upon an alleged threat the Defendant made toward the victim. There is no evidence in the transcript record that the Defendant made any threat whatsoever toward the victim and the Defendant did not confess to same. The Defendant believes its consideration by the trial court is error and not justified by Indiana law or any evidence submitted to the trial court.

4

*Appellant's Brief* at 7-8.

"A party waives an issue where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record." *Hogan v. State*, 966 N.E.2d 738, 743 n.2 (Ind. Ct. App. 2012), *trans. denied* (quoting *Davis v. State,* 835 N.E.2d 1102, 1113 (Ind. Ct. App. 2005), *trans. denied*). Sopher's claim on this issue is neither explained nor supported by citation to authority. Indeed, it is not developed beyond the point of being a mere assertion. As such, it is waived.

Sopher stated in the "summary of the argument" section of his brief that the court considered aggravating circumstance*s* – plural – that were not introduced into evidence. We have identified one aggravator to which this claim must allude, i.e., the threat to B.M. referenced in some of the letters submitted to the court by B.M.'s family members. The second claimed invalid aggravator must be the fact that Sopher could have been convicted of a class B felony had the State not dropped the charge as part of the plea agreement. Sopher's entire argument upon this point consists of the following:

> The State of Indiana recommended, and the court followed, a sentence of eight (8) years executed. The Defendant submits that the State based its recommendation solely on the idea that the Defendant "could have" been convicted of a Class 'B' Felony at trial. The Defendant does not believe the aforementioned is an appropriate reason for sentencing him to the maximum of eight (8) years. The State of Indiana's argument is not based on Indiana law and makes assumptions about conclusions to which we will never have an answer. The trial court appears to have relied on same to some degree in stating: "Uh, the uh, dismissal of the "B" Felony, which has some effect on that."

*Appellant's Brief* at 7.

We first observe that in order to accept the premise, i.e., that the court identified as an

aggravator the possibility of a conviction of a dismissed charge, we must lift the trial court's comment completely out of context. It is clear that the court referenced the dismissed charge only to gauge the mitigating weight of the guilty plea. That is, the court discounted somewhat the mitigating weight of the guilty plea because Sopher benefitted from entering into the agreement when the class B felony charge was dismissed. Therefore, the plea may have been motivated as much by pragmatic considerations as an acceptance of responsibility. As has been frequently observed, "a plea is not necessarily a significant mitigating factor." *Cotto v. State,* 829 N.E.2d 520, 525 (Ind. 2005); *see also Wells v. State,* 836 N.E.2d 475, 479 (Ind. Ct. App. 2005) ("a guilty plea does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against him is such that the decision to plead guilty is merely a pragmatic one"), *trans. denied.*

Be that as it may, the presentation of this issue suffers from the same fatal flaws as the one rejected above – it is not explained and supported with legal authority; it is merely asserted as fact. Sopher claims that the State's comment was "not based on Indiana law," *Appellant's Brief* at 7, but does not identify the law or laws to which he alludes, nor explain how the comments ran afoul of those legal principles. The argument is waived. *Hogan v. State*, 966 N.E.2d 738.

Sopher contends his sentence was inappropriate in light of his character and the nature of his offense. Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. Pursuant to Ind. Appellate Rule 7, the Supreme Court authorized this court to perform the same task. *Cardwell v. State*, 895 N.E.2d 1219 (Ind. 2008). Per App. R. 7(B), we may revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Wilkes v. State*, 917 N.E.2d 675, 693 (Ind. 2009), *cert. denied*, 131 S.Ct. 414 (2010). "[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d at 1223. Sopher bears the burden on appeal of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073 (Ind. 2006).

We begin by considering the nature of the offense. While visiting the home where his mother was staying, Sopher accessed pornography on that family's computer and began to masturbate. When the five-year-old victim walked in on him, he made her touch his erect penis in order to satisfy his sexual desires. He then threatened his victim that he would do it to her again in the future. We need not undertake the effort to assess this conduct because Sopher himself characterizes his actions against the victim as "egregious." *Appellant's Brief* at 6. Letters from B.M.'s family indicated that she has become fearful and withdrawn since the molestation.

Turning now to Sopher's character, the trial court properly found as mitigators that Sopher was remorseful and that he pled guilty. His apparently sincere remorse is entitled to

some mitigating weight. The mitigating value of his guilty plea, however, is diminished by the fact that he benefitted from the agreement. By the age of nineteen, Sopher had accumulated multiple juvenile adjudications for acts that would constitute the crimes of criminal recklessness, disorderly conduct, burglary, theft, and battery if committed by an adult. This reflects poorly on his character. Sopher urges that we should consider as mitigating his relatively young age, illiteracy, lack of education, and his diagnosis of ADHD and ADD. It is difficult to understand how, with respect to this particular offense, these factors either reflect well on his character or diminish his culpability. They are of little-to-no mitigating value.

Considered *in toto*, we do not believe the trial court abused the "considerable deference" accorded to it in determining what Sopher's sentence should be and thus conclude that an eight-year sentence for this offense is not inappropriate. *See Cardwell v. State*, 895 N.E.2d at 1223.

Judgment affirmed.

BROWN, J., and PYLE, J., concur.