**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 26 2013, 8:55 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KIMBERLY A. JACKSON**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KELLY A. MIKLOS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JERRY L. MOORE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 90A05-1207-CR-370 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WELLS CIRCUIT COURT
The Honorable Kenton W. Kiracofe, Judge
Cause No. 90C01-1112-FB-28

**February 26, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Jerry L. Moore appeals his fifteen-year executed sentence for Class B felony dealing in a schedule III controlled substance. He contends that the trial court failed to consider certain mitigating factors and his sentence is inappropriate in light of the nature of the offense and his character. Because Moore has failed to persuade us that the trial court abused its discretion or that his sentence is inappropriate in light of the nature of the offense and his character, we affirm.

**Facts and Procedural History**

On September 20, 2011, Moore sold four Dihydrocodeinone tablets, a schedule III controlled substance, to a confidential informant. The next day, Moore sold morphine, a schedule II controlled substance, to the same confidential informant. The State charged Moore with Count I: Class B felony dealing in a schedule III controlled substance, and Count II: Class B felony dealing in a schedule II controlled substance. Moore accepted a plea agreement and pled guilty to Count I, and the State dismissed Count II. Moore's maximum executed sentence was also capped at fifteen years.

At the sentencing hearing, the trial court sentenced Moore to a fifteen-year executed sentence, noting his extensive criminal history and his moderate risk to reoffend. Fifty-nine-year-old Moore's criminal history spans fifty years and includes nineteen felonies and fourteen misdemeanors from three different states. PSI p. 4-11. The trial court did not note any mitigating factors in reaching its decision.

Moore now appeals his sentence.

## Discussion and Decision

Moore contends that the trial court did not properly consider certain mitigating factors in his sentencing. He also contends that his sentence is inappropriate in light of the nature of the offense and his character.

## I. Abuse of Discretion

Moore challenges the trial court's failure to consider his guilty plea, his poor health, and the undue hardship his family would suffer from his incarceration as mitigating factors. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* An abuse of discretion will be found where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.*

A trial court may abuse its discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91. Because the trial court no longer has any obligation to weigh aggravating and mitigating factors against each other when imposing a sentence, a trial court cannot now be said to have abused its discretion in failing to properly weigh such factors. *Id.* at 491. If a trial court abuses its discretion, "remand for resentencing may be the

appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.*

Determining what is a proper mitigating circumstance is within the discretion of the trial court. *Rogers v. State*, 878 N.E.2d 269 (Ind. Ct. App. 2007), *trans. denied*. The trial court does not have to accept the defendant's arguments as to what the mitigating factors are, *id.*, and "[a]n allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record." *Carter v. State*, 711 N.E.2d 835, 838 (Ind. 1999).

Moore first argues that the trial court erred in not considering his guilty plea to be a mitigating factor. While we have long realized that pleading guilty deserves some mitigating weight, "a plea is not necessarily a *significant* mitigating factor." *Cotto v. State*, 829 N.E.2d 520, 525 (Ind. 2005) (emphasis added). Additionally, its significance is lessened if there is substantial evidence of the defendant's guilt or the defendant receives a substantial benefit from the plea. *See Wells v. State*, 836 N.E.2d 475, 479 (Ind. Ct. App. 2005) ("[A] guilty plea does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against him is such that the decision to plead guilty is merely a pragmatic one."), *trans. denied*. In this case, there was substantial evidence of Moore's guilt, including audio recordings and visual surveillance of the controlled buys by the confidential informant. By pleading guilty, Moore was able to have a Class B felony charge dismissed and his

maximum possible sentence for the remaining charge decreased by five years. The benefit Moore gained was substantial, so the trial court did not err in failing to consider his guilty plea as a mitigating factor.

Moore next contends that the trial court erred in failing to consider his poor health as a mitigator. Moore argues that he suffers from a torn aorta, lower abdominal pain, blood in his urine, Hepatitis C, and mental illness, and he recently had a heart attack that delayed the sentencing in this case. Appellant's App. p. 206; Tr. p. 69. However, at the sentencing hearing, Moore was asked, "have you ever been treated for any mental illness or do you now suffer from any mental or emotional disability?" Tr. p. 46. Moore answered "No, sir." *Id.* Moore also was suffering from his medical conditions before his arrest, Appellant's App. p. 217, but that did not stop him from committing the two offenses for which he was arrested, or the multiple offenses he committed in the past. Moore's counsel even admitted at trial that he was "not sure if [Moore's health] mitigates the offense . . . ." Tr. p. 71. Because Moore has failed to show that his health was a significant mitigating factor that was clearly supported by the record, we hold that the trial court did not err.

Finally, Moore contends that the trial court should have considered the undue hardship that his incarceration would cause on his family as a mitigating factor. We disagree. "Absent special circumstances showing that the hardship to [the defendant] is 'undue,' a trial court does not abuse its discretion by not finding this to be a mitigating factor." *Benefield v. State*, 904 N.E.2d 239, 247 (Ind. Ct. App. 2009), *trans. denied*. While Moore's wife does have a number of health problems, she was receiving disability

5

payments and had moved in with her daughter. Moore has therefore failed to show that his support of his wife is necessary for her well-being, and any hardship on her from his incarceration as a result would be "undue." We therefore find that the trial court properly did not consider this to be a mitigating factor.

The trial court did not abuse its discretion in determining that there were no mitigating factors when sentencing Moore.

## II. Inappropriate Sentence

Moore also contends that his fifteen-year executed sentence is inappropriate. Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer*, 868 N.E.2d at 491). The defendant has the burden of persuading us that his sentence is inappropriate. *Id.* (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest— the aggregate sentence—rather than the trees—consecutive or concurrent, number of

6

counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id.* at 1224.

The sentencing range for a Class B felony is six to twenty years, with ten years being the advisory term. Ind. Code § 35-50-2-5. Here, the trial court sentenced Moore to an executed sentence of fifteen years in the DOC. This sentence is within the statutory range.

Regarding the nature of the offense, there is nothing in the record that indicates that this sentence is inappropriate. Moore sold controlled substances to a confidential informant on two different occasions. There is not much detail in the record about the circumstances of the sales; however, Moore's self-serving statements after the fact that the confidential informant "hounded" him and "played on his sympathies," Appellant's Br. p. 12, are completely devoid of support in the record. This appears to just be an attempt by Moore to lessen his culpability, and it does nothing to lessen the nature of the offense.

Regarding Moore's character, he has an extensive criminal history that spans fifty years and includes nineteen felonies and fourteen misdemeanors from three different states. Moore began committing crimes when he was nine and joined a gang when he was twelve. He also admits that he is still associated with that gang in an "advisor" capacity due to his age and inactive status. Appellant's App. p. 216. Moore also has failed to take responsibility for this offense, claiming in a letter to the court that he was

7

not guilty and was entrapped by the confidential informant. *Id.* at 215. Moore has not convinced us that his character warrants a reduction in his sentence.

After due consideration of the trial court's decision, we cannot say that Moore's fifteen-year executed sentence is inappropriate in light of the nature of the offense and his character.

Affirmed.

BAILEY, J., and BROWN, J., concur.