**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 09 2014, 6:36 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD C. SWANSON, JR.**
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTHONY A. OUTLAW, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A04-1305-CR-250 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D06-1302-FD-129

**January 9, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Anthony A. Outlaw, Jr. appeals the sentence he received following his conviction of theft, a class D felony, which was entered upon his guilty plea. Outlaw contends his sentence is inappropriate in light of his character and the nature of his offense.

We affirm.

The facts as admitted by Outlaw are that on January 31, 2013, Outlaw entered a Macy's Department Store and took several bottles of cologne, two pairs of gloves, three rings, and a watch and placed them in a bag. Several Macy's employees observed what Outlaw was doing on store surveillance cameras. When Outlaw attempted to exit the store without paying for them, he was stopped by a Macy's loss prevention officer and asked about the items in the bag. Police were summoned. Outlaw was transported to the Allen County Jail where, after waiving his rights, he admitted that he took "two or three pairs of gloves" and walked out of the store without paying for them. *Appellant's Appendix* at 23. Outlaw was charged with theft as a class D felony, and subsequently pled guilty to that charge. The trial court sentenced Outlaw to 548 (1 year plus 183 days) days, all executed, in the Department of Correction.

Outlaw contends his sentence was inappropriate in light of his character and the nature of his offense. Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. Pursuant to Ind. Appellate Rule 7, the Supreme Court authorized this court to perform the same task. *Cardwell v. State*, 895 N.E.2d 1219 (Ind. 2008). Per Indiana Appellate Rule 7(B), we may revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in

light of the nature of the offense and the character of the offender." *Wilkes v. State*, 917 N.E.2d 675, 693 (Ind. 2009), *cert. denied*, 131 S.Ct. 414 (2010). "[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d at 1223. Outlaw bears the burden on appeal of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073 (Ind. 2006).

The determination of whether we regard a sentence as appropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State,* 895 N.E.2d at 1224. Moreover, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Id.* at 1225. Accordingly, "the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State,* 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original).

In order to assess the appropriateness of a sentence, we first look to the statutory ranges established for the classification of the relevant offense. Outlaw was convicted of theft as a class D felony. Under the current scheme, the advisory sentence for a class D felony is one and one-half years; the maximum sentence is three years. Therefore, Outlaw received, for all intents and purposes, the advisory sentence. The advisory sentence is the

3

starting point chosen by our legislature as an appropriate sentence for the crime committed. Therefore, the defendant "bears a particularly heavy burden in persuading us that his sentence is inappropriate when the trial court imposes the advisory sentence." *Fernbach v. State*, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), *trans. denied.*

We note initially that Outlaw challenges his sentence in part upon the claim that, "substantial mitigating circumstances were not properly weighed by the court, and this Court should reweigh the factors and impose the minimum sentence of six (6) months executed." *Appellant's Brief* at 7. Our Supreme Court has explained that under the current advisory sentencing scheme, trial courts do not have an obligation to weigh aggravating and mitigating factors against each other when imposing a sentence. *See Anglemyer v. State,* 868 N.E.2d 482 (Ind. 2006), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007). Therefore, the weight the trial court assigns to any aggravating or mitigating circumstance is not subject to appellate review. *Id*.

Therefore, we turn to the arguments made on Outlaw's behalf that focus upon his character and the nature of his offense. Beginning with his character, Outlaw pled guilty, admitted his responsibility, and showed remorse. Outlaw also claimed that he suffers from serious health conditions, including cancer, liver complications, arthritis, and bipolar disorder. He also claimed to be homeless and without financial resources.

We acknowledge that a defendant who pleads guilty deserves to have at least some mitigating weight extended to the guilty plea in return. *Lavoie v. State*, 903 N.E.2d 135 (Ind. Ct. App. 2009). It has been observed, however, that "a guilty plea does not rise to the level

4

of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against him is such that the decision to plead guilty is merely a pragmatic one." *Id.* at 143 (quoting *Wells v. State*, 836 N.E.2d 475, 479 (Ind. Ct. App. 2005), *trans. denied*). In Outlaw's case, the evidence of guilt was overwhelming. Therefore, his decision to plead guilty is a pragmatic one that does not merit significant mitigating weight. Moreover, Outlaw's expression of remorse fell far short of heartfelt contrition. He stated, "I did what I did. I'm not going to sit here and go all outlandish about it, you know. Standing on the street corner begging for change and whatever would not have (inaudible) this prosecutor, because I guess that's a crime, you know. So what I did, I did." *Transcript* at 6. Neither of these factors represent a strong argument for a reduced sentence.

Defense counsel argued that Outlaw's mental and physical challenges and difficulties should mitigate his sentence. It is unclear, however, that these conditions contributed to his offense. Indeed, in light of his extensive criminal history, it appears that this offense was not the product of physical infirmities and mental disability as much as it was merely the latest iteration of a well-established pattern of criminal conduct. The same can be said of Outlaw's financial woes. At sentencing, counsel described Outlaw as "homeless", and "in miserable financial shape [.]" *Id.* at 4. Although lamentable, there is nothing in the record to indicate that the present offense was a product of those conditions. Instead, it appears that Outlaw is a career criminal. Stretching back to 1976, he has accumulated 14 misdemeanor and 8 felony convictions, which includes multiple convictions for conduct similar to that in the present case, i.e., two felony convictions for burglary, two felony convictions for theft, five

5

misdemeanor convictions for criminal conversion, and one misdemeanor conviction for theft.

In light of the foregoing, we find nothing inappropriate about Outlaw's 548-day sentence.

Judgment affirmed.

KIRSCH, J., and BAILEY, J., concur.