**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JENNIFER A. JOAS**
Madison, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SEAN D. MONROE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 39A01-1401-CR-28 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE JEFFERSON SUPERIOR COURT
The Honorable Alison T. Frazier, Judge
Cause No. 39D01-1305-FB-496

**August 19, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Sean D. Monroe appeals his eight-year sentence after he pleaded guilty to causing the death of another person when operating a motor vehicle with a controlled substance listed in schedule I or II in his blood, as a Class C felony ("Count I"), and reckless homicide, a Class C felony ("Count II"). Monroe raises the following two issues for our review:

1.      Whether the trial court abused its discretion when it sentenced him; and

2.      Whether his sentence is inappropriate in light of the nature of the offenses or his character.

We affirm Monroe's sentence. However, we remand with instructions for the trial court to correct a clerical error in the abstract of judgment.

## FACTS AND PROCEDURAL HISTORY

On January 28, 2013, Monroe, who was then twenty-five years old, consumed amphetamine, methamphetamine, diazepam, nordiazepam, clonazepam, alprazolam, marijuana, and methadone. He then operated a motor vehicle. While travelling at about seventy-five miles per hour, about thirty miles per hour over the posted speed limit, Monroe's vehicle collided with the vehicle of Billy M. Deveary, who had run a stop sign. The collision killed Deveary.

On May 29, the State charged Monroe with six counts, including causing the death of another person when operating a motor vehicle with a controlled substance listed in schedule I or II in his blood while at least twenty-one years of age, a Class B felony, pursuant to Indiana Code Section 9-30-5-5(b)(2). The State also charged Monroe with

2

three Class C felonies, including reckless homicide as Count II, and two Class A misdemeanors.

On November 13, 2013, Monroe entered into a plea agreement with the State. Pursuant to the agreement, the State amended its Class B felony allegation to a Class C felony under Indiana Code Section 9-30-5-5(a)(2). Tr. at 5. The amendment only eliminated the element of the Class B felony that the crime had been committed by a person at least twenty-one years of age. Monroe then agreed to plead guilty to the amended Count I as well as Count II, and the State agreed to dismiss the remaining charges. The plea agreement left sentencing to the discretion of the trial court with the limitation that the sentences imposed on each count must run concurrently.

On January 3, 2014, the court held a hearing on Monroe's plea agreement. Following that hearing, the court accepted Monroe's plea agreement and ordered him to serve eight years executed on each count, to run concurrently. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Abuse of Discretion in Sentencing

Monroe first argues that the trial court abused its discretion when it sentenced him. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on other grounds on reh'g, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. Id.

One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law . . . .

[However, b]ecause the trial court no longer has any obligation to "weigh" aggravating and mitigating factors against each other when imposing a sentence, . . . a trial court cannot now be said to have abused its discretion in failing to "properly weigh" such factors.

Id. at 490-91.

Monroe asserts that the trial court erred when it found the following aggravating factor: "[t]he harm, injury, loss and damage suffered by the victim and his family was significantly greater than the elements necessary to prove commission of the offense in that the rate of speed contributed to the severity of Mr. Deveary's injuries . . . ." Appellant's App. at 221. According to Monroe, "the impact upon a victim's family is not a proper aggravating circumstance," and "there was no evidence presented that the injuries suffered by the victim caused [him] additional pain or suffering." Appellant's Br. at 7.

We agree with Monroe's first argument.[1] As we have explained:

Under normal circumstances, the impact upon a victim's family is not a proper aggravating circumstance for purposes of sentencing. See Bacher v. State, 686 N.E.2d 791, 801 (Ind. 1997). In Bacher, our supreme court explained that because the impact on family members accompanies almost every case dealing with the death of a victim, it is not appropriate to consider that impact as an aggravating factor unless that impact was of such a destructive nature not normally associated with the commission of the offense in question and the impact was foreseeable to the defendant. Id. Here, Rodriguez was charged with operating a vehicle while intoxicated

---

[1] The State does not respond to this argument.

4

causing death being an essential element of the offense. Therefore, it is not appropriate to consider the impact of the victim's death on her family, because death is normally associated with the commission of the offense in question; although its impact was not necessarily foreseeable to the defendant. See id.

Rodriguez v. State, 785 N.E.2d 1169, 1177 (Ind. Ct. App. 2003), superseded by statute on other grounds, trans. denied. Accordingly, the trial court abused its discretion when it considered the impact of the victim's death on his family.

We agree with the State, however, that the trial court did not abuse its discretion when it considered whether the Deveary's injuries caused him additional pain and suffering. Monroe's argument on this issue ignores the coroner's report, the accident reconstruction report, and the statements of an eyewitness at the scene, each of which support the conclusion that the Deveary suffered substantial injuries and did not die instantly. This aggravator addresses the seriousness of the offense, and the seriousness of the offense, which implicitly includes the nature and circumstances of the crime as well as the manner in which the crime is committed, has long been held a valid aggravating factor. Anglemyer, 868 N.E.2d at 192 (citing Taylor v. State, 695 N.E.2d 117, 120 (Ind. 1998)). Thus, the trial court's consideration of Monroe's rate of speed or the nature and extent of Deveary's injuries was not an abuse of its discretion. See Ind. Code § 35-38-1-7.1(a)(1).

In sum, we hold that the trial court abused its discretion when it considered the impact of the Deveary's death on his family but that it did not err when it considered his injuries. When the trial court abuses its discretion in sentencing, "we have the option to remand to the trial court for a . . . new sentencing determination," or "we may exercise

5

our authority to review and revise the sentence" under Indiana Appellate Rule 7(B). Windhorst v. State, 868 N.E.2d 504, 507 (Ind. 2007); see also Mendoza v. State, 869 N.E.2d 546, 556 (Ind. Ct. App. 2007) (holding that, even if the trial court abuses its discretion in sentencing, we will not remand for resentencing if the sentence imposed is not inappropriate), trans. denied. We elect to review Monroe's sentence under Rule 7(B).

**Issue Two: Inappropriateness of Sentence**

Monroe also argues that his sentence is inappropriate. Article 7, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." Roush v. State, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). Id. Revision of a sentence under Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offenses and his character. See App. R. 7(B); Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." Roush, 875 N.E.2d at 812 (alteration original).

Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222, 1224 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." Id. at 1225.

Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." Id. at 1224.

Monroe's eight-year aggregate sentence is not inappropriate in light of the nature of the offenses.[2] While high on multiple controlled substances, Monroe operated a motor vehicle at seventy-five miles per hour in a forty-five mile per hour zone, crashed into Deveary's vehicle, and caused Deveary substantial injuries that resulted in his death shortly after the collision. And it is not disputed that Monroe was en route to obtain more controlled substances at the time he operated the motor vehicle.

Neither is Monroe's sentence inappropriate in light of his character. While the trial court afforded Monroe some mitigating weight for his age, family support, and remorse, it expressly found that his remorse was of little weight based on "comments made by the defendant immediately following the accident." Appellant's App. at 221. We decline Monroe's request to revise his sentence in light of any of these factors. In particular, regarding his remorse, we agree with the trial court that Monroe's statements following the accident reflect poorly on his character. When asked at the scene by a witness why he was driving so fast, Monroe responded, "[j]ust the thing I do." Id. at 10. In a Facebook post three days after the accident, Monroe stated that he "did nothing wrong," clarified that "its a cig in my profile pic dont get too excited," liked a friend's response to "f**k tha police," and, the next day, liked the following comment from a friend: "I'm try'n to understand why people do shootings in school instead of try'n to do

---

[2] Monroe's statement that "this is not the worst of offenses nor is he the worst of offenders" is not an argument supported by cogent reasoning, and we do not consider it. Appellant's Br. at 11; see App. R. 46(A)(8)(a).

7

them at police stations. You shoot innocent kids your a dick but if you took out a ton of cops you'd be an idol in prison. Ha ha." State's Ex. 8 (errors in original).

Moreover, at his sentencing hearing Monroe admitted that he has had a substance abuse problem since he was eighteen. His problem led to his expulsion from high school, though he later obtained a G.E.D. He also admitted that, at times when he would be responsible for providing care for his five-year-old daughter, he would be high. Monroe's mother testified that he had previously rejected an attempt by his parents for him to obtain counseling for substance abuse, and, while the instant charges were pending, Monroe was arrested and charged with possession of marijuana. In light of his clear substance abuse problem, we are not persuaded by Monroe's attempt to have his sentence revised because of his limited criminal history.

We also are not persuaded that Monroe's guilty plea entitles him to a revision of his sentence. In exchange for his plea, the State agreed to reduce Count I from a Class B felony to a Class C felony by omitting the element that Monroe was over twenty-one years of age. The State also agreed to have the sentences for Count I and Count II run concurrently. These two concessions by the State reduced Monroe's potential sentence from twenty-eight years to eight years. As such, Monroe has already received ample benefits from his guilty plea. See, e.g., Wells v. State, 836 N.E.2d 475, 479 (Ind. Ct. App. 2005) ("a guilty plea does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea . . . ."), trans. denied. We hold that Monroe's eight-year sentence is not inappropriate in light of the nature of the offenses or his character.

## Conclusion

In sum, while the trial court abused its discretion when it considered the impact of the victim's death on the victim's family, we affirm Monroe's eight-year sentence because it is not inappropriate in light of the nature of the offenses or his character. However, the abstract of judgment states that Monroe's conviction under Count I is as a Class B felony. <u>See</u> Appellant's App. at 224. This is incorrect. Monroe pleaded guilty to Count I as a Class C felony. Thus, we remand to the trial court with instructions to enter a corrected abstract of judgment. <u>See, e.g.</u>, <u>Mendoza</u>, 869 N.E.2d at 560.

Affirmed and remanded with instructions.

BAILEY, J., and PYLE, J., concur.