OPINION ON REHEARING



FILED

Mar 21 2019, 9:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Shawn P. Morrell, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | March 21, 2019 <br><br> Court of Appeals Case No. <br> 18A-CR-1282 <br><br> Appeal from the Tippecanoe <br> Circuit Court <br><br> The Honorable Donald L. Daniel, <br> Senior Judge <br><br> Trial Court Cause No. <br> 79C01-1711-F5-151 |

**Sharpnack, Senior Judge.**

## Statement of the Case

[1] Shawn P. Morrell appealed from the sentence imposed by the trial court after his conviction of one count of domestic battery. We affirmed the trial court's decision in a memorandum decision, and later granted Morrell's request for

publication of the opinion. *Morrell v. State*, 18A-CR-1282, 2019 WL 238136, slip op. at *6 (Ind. Ct. App. January 17, 2019). Morrell now petitions for rehearing, contending that this Court's opinion did not address clearly the issue involving the use of nonadjudicated juvenile contacts as an aggravating circumstance. On reflection, we agree and grant the petition for the sole purpose of clarifying the disposition of that issue.

## Discussion and Decision

[2] In our original opinion, we addressed Morrell's argument that the trial court had abused its discretion by considering his juvenile history as an aggravating circumstance. He had argued that the trial court should not have included in his criminal history aggravator any juvenile contacts with the justice system not resulting in an adjudication. We agree.

[3] During the trial court's oral sentencing statement, the court set forth the following as the first aggravating circumstance:

> Conviction having been entered against Shawn Patrick Morrell on Count 1, Domestic battery, a level 5 felony the court now finds that an aggravating circumstance is the defendant's criminal history. The court notes three juvenile adjudications, two other juvenile contacts, three felony convictions, two misdemeanor convictions. Seven cases which have unknown disposition. At least one failure to appear and two pending petitions to revoke probation.

Tr. p. 88.

[4] In *Day v. State*, Chief Justice Shepard, writing for the majority, stated as follows:

In sentencing Day, the trial court relied on prior convictions and listed all Day's adult convictions and the "various offenses . . . disposed of . . . while you were a juvenile" and declared that these all involved sexual violence against females. While it is possible that the sentencing judge knew about these juvenile offenses because he presided over them, the presentence report and the rest of the record before the trial court neither revealed any facts about the events constituting Day's juvenile history nor demonstrated any adjudications.

The trial court's reliance on the available juvenile record was error. The details of criminal activity may be used to demonstrate a history of criminal activity when a juvenile court has determined that those acts were committed. When a juvenile proceeding ends without a disposition, the mere fact that a petition was filed alleging delinquency does not suffice as proof of a criminal history. Indeed, even when a juvenile court *has* made a determination of delinquency, only the acts committed by the juvenile may constitute a criminal history to support enhancement of a sentence. An adjudication of delinquency is not a fact that can be used by a sentencing court to enhance a criminal sentence. Concurring in denial of rehearing I emphasized that the adjudication does play an important role in establishing a history of criminal behavior as a juvenile: The adjudication indicates that the history is correct. It elevates that history from allegation to fact.

560 N.E.2d 641, 643 (Ind. 1990) (internal footnote, citations, and most quotations omitted). In the footnote, the Supreme Court stated "We save for another day the question of whether, in the absence of an adjudication, the prosecution might establish a history of criminal acts committed as a juvenile through independent evidence offered during the sentencing hearing for an adult offense. *Id.* n.1.

To the extent the trial court here may have considered any of Morrell's juvenile contacts with the justice system not reduced to an adjudication as part of the criminal history aggravator of his sentence, which the court appears to have done based upon the oral sentencing statement, the trial court abused its discretion. However, the factors used to support the aggravating circumstance of Morrell's criminal history other than the nonadjudicated charges amply support the sentence imposed. Morrell had amassed juvenile adjudications, adult convictions, and admitted to the use of illicitly or illegally obtained illicit substances beginning at the age of fourteen. We will not remand for resentencing where we are confident that the trial court would not reach a different sentence. *See Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 ("remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record."). We are confident here.

## Conclusion

For the reasons stated above, we affirm our prior opinion in this matter, but grant rehearing for the limited purpose of clarifying this portion of the review of the trial court's sentencing decision.

Bailey, J, and Bradford, J., concur.