## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 09 2020, 9:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William T. Myers
Whitehurst & Myers Law
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Steven Hosler
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Zachary G. Fellers, *Appellant-Defendant,* | April 9, 2020 |
| | Court of Appeals Case No. 19A-CR-1916 |
| v. | Appeal from the Huntington Superior Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable Jennifer E. Newton, Judge |
| | Trial Court Cause No. 35D01-1906-F6-168 |

**May, Judge.**

Zachary G. Fellers appeals his two-year sentence for Level 6 felony escape.[1] Fellers argues the trial court abused its discretion when it failed to identify his guilty plea and the hardship incarceration would have on his family as mitigators when sentencing him. We affirm.

# Facts and Procedural History[2]

In April 2019, Fellers plead guilty to Level 6 felony possession of a hypodermic needle. The trial court placed Fellers on probation and required him to wear an electronic ankle bracelet. On June 14, 2019, Fellers tested positive for methamphetamine and the State filed a petition to revoke his community corrections placement. On June 16, 2019, Fellers cut off his electronic monitoring bracelet and fled from his home. When police arrived at his home, they found Fellers' electronic monitoring bracelet. Fellers' wife told the police that Fellers had left and that she did not know where he had gone. (App. Vol. II at 11.) On June 18, 2019, the State charged Fellers with Level 6 felony escape. On July 10, 2019, Fellers was arrested. Fellers plead guilty to Level 6 felony escape, and the trial court sentenced him to three years in prison with one year suspended to probation.

---

[1] Ind. Code 35-44.2-3-4(b) (2014).

[2] The Appellant's Statement of Facts was a compilation of quotes from the transcript and the appendix. We remind counsel of the requirements of Indiana Appellate Rule 46, which states, in relevant part, the statement of facts "shall describe the facts relevant to the issues presented for review" and "[t]he statement shall be in narrative form and shall not be a witness by witness summary of the testimony."

# Discussion and Decision

[3] Sentencing decisions rest within the sound discretion of the trial court, and we review such decisions only for an abuse of discretion. *Morrell v. State*, 118 N.E.3d 793, 796 (Ind. Ct. App. 2019), *clarified on reh'g on other grounds*, 121 N.E.3d 577 (Ind. Ct. App. 2019), *trans. denied*. "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances." *Allen v. State*, 875 N.E.2d 783, 788 (Ind. Ct. App. 2007).

[4] When a trial court imposes a felony sentence, it is required to issue a sentencing statement "that includes a reasonably detailed recitation of the trial court's reasons for the sentence imposed." *Anglemyer v. State*, 868 N.E.2d 482, 484-85 (Ind. 2007), *clarified on reh'g on other grounds*, 875 N.E.2d 218 (Ind. 2007). If the court finds aggravating or mitigating circumstances, "the statement must identify all significant mitigating and aggravating circumstances and explain why each circumstance has been determined to be mitigating or aggravating." *Id*. at 490. A trial court may abuse its discretion in imposing a sentence by failing to enter a sentencing statement, identifying aggravating and mitigating factors the record does not support, omitting reasons clearly supported in the record and advanced for consideration, or stating reasons for a sentence that are improper as a matter of law. *Id*. at 490-91.

[5] The sentence for a Level 6 felony is a fixed term between six months and three years, with the advisory sentence being one and one-half years. Fellers was sentenced to three years; thus, he received the maximum sentence. The trial

court found Fellers' adult and juvenile criminal history and his recent violation of probation as aggravating factors. The trial court found no mitigators.

[6] First, Fellers argues the trial court should have considered his guilty plea as a mitigator. "A guilty plea demonstrates a defendant's acceptance of responsibility for the crime and extends a benefit to the State and to the victim or the victim's family by avoiding a full-blown trial. Thus, a defendant who pleads guilty deserves to have mitigating weight extended to the guilty plea in return." *Francis v. State*, 817 N.E.2d 235, 237-238 (Ind. 2004). Therefore, the trial court should have identified Fellers' guilty plea as a mitigating factor.

[7] However, the court's error was harmless. Harmless error is "an error that does not affect the substantial rights of a party." *Rosales v. State*, 3 N.E.3d 1014, 1019 (Ind. Ct. App. 2014) (quoting *Lander v. State*, 762 N.E.2d 1208, 1213 (Ind. 2002)). No error in anything omitted by the trial court "is ground for granting relief or reversal on appeal where its probable impact, in light of all the evidence in the case, is sufficiently minor so as not to affect the substantial rights of the parties." Ind. App. R. 66.

> "A guilty plea is not automatically a significant mitigating factor." *Sensback v. State*, 720 N.E.2d 1160, 1164-1165 (Ind. 1999). "A guilty plea does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against him is such that the decision to plead guilty is merely a pragmatic one."

*Wells v. State*, 836 N.E.2d 475, 479 (Ind. Ct. App. 2005), *trans. denied*.

[8] Fellers faced substantial evidence against him. To prove escape, the State need only show that a person "knowingly or intentionally remove[d] an electronic monitoring device or GPS tracking device." Ind. Code § 35-44.1-3-4(b). Police found the cut off electronic monitoring bracelet in Fellers' home. Further, his wife told police he had left home and she did not know where he had gone. Because the evidence clearly demonstrated Fellers' had committed escape, it was pragmatic for Fellers to plead guilty. As a result his guilty plea would not have been a significant mitigator, and we feel certain, based on the record, it is unlikely the trial court would have imposed a lesser sentence had it properly acknowledged the guilty plea as a mitigator.

[9] Next, Fellers argues the trial court abused its discretion when it did not find hardship on Fellers' family. "Jail is always a hardship on dependents." *Vazquez v. State*, 839 N.E.2d 1229, 1234 (Ind. Ct. App. 2005), *trans. denied*. Fellers fails to explain how his enhanced sentence would be more burdensome on his family than a lesser sentence. Unfortunately, the dependents of incarcerated individuals often suffer financial and emotional hardship, but Fellers' situation is not unique. *See Hunter v. State*, 72 N.E.3d 928, 936 (Ind. Ct. App. 2017) (defendant's enhanced sentence did not place an unusual hardship on his dependents), *trans. denied*. "The trial court is not obligated to accept the defendant's arguments as to what constitutes a mitigating factor. Nor is the court required to give the same weight to proffered mitigating factors as the defendant does." *Comer v. State*, 839 N.E.2d 721, 728 (Ind. Ct. App. 2005) (internal citation and quotation marks omitted), *trans. denied*. Even though

Feller believes he should receive a lesser sentence, the trial court did not commit reversible error.

# Conclusion

The trial court abused its discretion when it failed to identify Fellers' guilty plea as a mitigator. However, the error was harmless because Fellers' decision to enter into a plea agreement was logical based on the substantial amount of evidence against him. Additionally, the hardship on his family was not substantial or more burdensome than other families with incarcerated loved ones; thus, the trial court did not abuse by not considering it as a mitigator. Accordingly, we affirm.

Affirmed.

Crone, J., and Pyle, J., concur.