## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 24 2020, 6:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Paula M. Sauer
Danville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Nathaniel Baxter,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

April 24, 2020

Court of Appeals Case No.
19A-CR-2195

Appeal from the Hendricks
Superior Court

The Honorable Rhett M. Stuard,
Judge

Trial Court Cause No.
32D02-1811-F2-23

**May, Judge.**

[1] Nathaniel Baxter appeals his two convictions of Level 2 felony dealing in methamphetamine.[1] Baxter argues:

1. the trial court may have rendered a different sentence but for certain comments made by the State, and

2. his sentence is inappropriate in light of the nature of his offense and his character.

We affirm.

# Facts and Procedural History

[2] In October 2018, Anthony Fite, a detective with the Avon Police Department, was working as an undercover agent. A confidential informant notified Fite of Baxter and the police began investigating him. Fite began to text with Baxter. On October 30, 2018, Baxter agreed to sell methamphetamine to Fite. The same day, Baxter and Fite met at the Applebee's in Avon, Indiana. Baxter sold 13.83 grams of methamphetamine to Fite for $250.00. Fite used marked bills to complete the sale.

[3] On November 6, 2018, Baxter and Fite again communicated by text message. Fite asked to purchase pills from Baxter. Baxter informed Fite he did not have any pills but could sell him 10 grams of methamphetamine. On November 8,

---

[1] Ind. Code § 35-48-4-1.1(a)(1) (2017).

2018, Baxter sold Fite 10.07 grams of methamphetamine for $150.00. Fite again used marked bills to complete the sale. Following the sale, officers pulled over Baxter's car, arrested him, and searched his car. Police found three cellphones and approximately $1,000.00, including the money used by Fite to purchase the methamphetamine, in Baxter's car.

[4] The State charged Baxter with two counts of Level 2 felony dealing in methamphetamine. The State also alleged Baxter was a habitual offender. [2] The trial court held a bifurcated jury trial – the first half concerned the two counts of dealing, and the second half concerned the habitual offender allegation. The jury returned a guilty verdict on both counts of dealing and also determined Baxter was an habitual offender. The trial court sentenced Baxter to twenty years in prison for each conviction of Level 2 felony dealing in methamphetamine, to be served concurrently. The trial court enhanced Baxter's sentence for the first count by eight years based on his adjudication as an habitual offender, for an aggregate sentence of twenty-eight years.

# Discussion and Decision

## 1. Sentencing Allegations

[5] Baxter argues the trial court may have sentenced Baxter differently, had the State: (1) not suggested his sentences are non-suspendible, (2) not suggested

---

[2] Ind. Code § 35-50-2-8 (2017).

consecutive sentences were authorized, and (3) not argued both counts be enhanced by the habitual offender finding. Sentencing decisions rest within the sound discretion of the trial court, and we review such decisions only for an abuse of discretion. *Morrell v. State*, 118 N.E.3d 793, 796 (Ind. Ct. App. 2019), *clarified on reh'g on other grounds*, 121 N.E.3d 577 (Ind. Ct. App. 2019), *trans. denied*. "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances." *Allen v. State*, 875 N.E.2d 783, 788 (Ind. Ct. App. 2007). A trial court may abuse its discretion in imposing a sentence by failing to enter a sentencing statement, identifying aggravating and mitigating factors the record does not support, omitting reasons clearly supported in the record and advanced for consideration, or stating reasons for sentence that are improper as a matter of law. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007).

[6] First, Baxter argues the State incorrectly suggested during a pretrial conference and at the sentencing hearing that Baxter's sentences were non-suspendible. Pursuant to Indiana Code section 35-50-2-2.2(a), "the court may suspend any part of a sentence for a felony" unless suspension is prohibited by other portions of that same statutory section. Baxter was convicted herein of Level 2 felony dealing in methamphetamine under Indiana Code section 35-48-4-1.1, making relevant the exception in subsection 2.2(c), which provides that if:

> (1) a person has a prior unrelated felony conviction in any
> jurisdiction for dealing in a controlled substance that is not
> marijuana, hashish, hash oil, salvia divinorum, or a synthetic

drug, including an attempt or conspiracy to commit the offense; and

(2) the person is convicted of a Level 2 felony under Indiana Code § 35-48-4-1.1 or Ind. Code § 35-48-4-1.2;

the court may suspend only that part of a sentence that is in excess of the minimum sentence for the Level 2 felony.

Ind. Code § 35-50-2-2.2(c).

[7] Baxter argues the record does not support the State's suggestion that his sentences were non-suspendible under that subsection, because the Pre-Sentence Investigation report did not specifically state whether his prior dealing conviction was a felony or what controlled substance he was convicted of dealing. However, Baxter did not object to the State's suggestion at the sentencing hearing or direct the trial court to this statute. Thus, the argument was waived, and Baxter cannot raise it on appeal. *See Durden v. State*, 99 N.E.3d 645, 652 (Ind. 2018) ("A party's failure to object to an alleged error at trial results in waiver.").

[8] Waiver notwithstanding, Baxter contends that the trial court relied on the State's erroneous statement. However, when discussing the factors it was relying on during sentencing, the trial court made no mention of whether Baxter's sentences were non-suspendible. Baxter has not demonstrated he was prejudiced by the State's argument. *See Meyer v. Meyer*, 560 N.E.2d 39, 44 (Ind. 1990) (trial court judgment was proper when it was supported by the record),

*distinguished on other grounds by Moell v. Moell*, 84 N.E.3d 741 (Ind. Ct. App. 2017).

[9] Second, Baxter argues the State incorrectly suggested his sentences could be served consecutively. Baxter admits "[t]he State did not request consecutive sentences." (Appellant's Br. at 22.) However, Baxter explains the State "suggested they were authorized by saying, 'I'm not going to ask you to run them consecutively.'" (*Id.*) (quoting Tr. Vol. III at 8). The trial court sentenced Baxter to serve his sentences concurrently. Baxter did not raise this issue during the sentencing hearing, therefore the issue is waived. *See Durden*, 99 N.E.3d at 652 ("A party's failure to object to an alleged error at trial results in waiver.").

[10] Both Baxter and the State requested his sentences be served concurrently, and the trial court ultimately sentenced Baxter to serve his sentences concurrently. Baxter does not suggest any harm came from the prosecutor's initial statement, nor is it clear any harm was suffered as Baxter received the concurrent sentences the he requested. We accordingly cannot find reversible error on this basis. *See* Ind. App. R. 66(A) (no appellate relief when alleged error is harmless).

[11] Third, Baxter argues the State incorrectly suggested both of his sentences could be enhanced due to the finding of Baxter being an habitual offender when the statute allows only one conviction to be enhanced. Baxter is correct about the law. "The court shall attach the habitual offender enhancement to the felony conviction with the highest sentence imposed and specify which felony count is

being enhanced." Ind. Code § 35-50-2-8(j). However, Baxter did not object to the State's suggestion to the trial court, and thus it is waived. *See Durden*, 99 N.E.3d at 652 ("A party's failure to object to an alleged error at trial results in waiver.").

[12] Moreover, Baxter does not indicate, nor does the record show, that the State requested both sentences be enhanced. Additionally, the trial court only attached the habitual offender enhancement to one of Baxter's convictions. Therefore, Baxter has not demonstrated the trial court erred on this basis. *See Moyer v. State*, 83 N.E.3d 136, 144 (Ind. Ct. App. 2017) (no trial court error when habitual offender enhancement attached to just one conviction), *trans. denied*.

[13] In summary, Baxter has not demonstrated the trial court erred when it sentenced him to twenty-eight years in prison. Rather, Baxter suggests "the trial court *may* have imposed a less harsh sentence had it not been misled by the State's sentencing claims." (Appellant's Br. at 25) (emphasis added). However, "a sheerly speculative argument provides no reason for us to order a new sentencing hearing." *May v. State*, 578 N.E.2d 716, 725 (Ind. Ct. App. 1991), *distinguished on other grounds by Voss v. State*, 856 N.E.2d 1211 (Ind. 2006). "[T[here is a strong presumption on appeal that a trial court has acted correctly and has properly followed the applicable law." *Moran v. State*, 622 N.E.2d 157, 159 (Ind. 1993). Because Baxter has not demonstrated error, we follow that presumption and affirm his twenty-eight-year sentence.

# 2. Appropriate Sentence

Baxter argues his sentence is inappropriate in light of his character and the nature of his offense. Our standard of review on this issue is well settled.

> We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Shouse v. State*, 849 N.E.2d 650, 660 (Ind. Ct. App. 2006), *trans. denied* (citations and quotation marks omitted). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). In addition to the "due consideration" we are required to give to the trial court's sentencing decision, "we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).

*Couch v. State*, 977 N.E.2d 1013, 1017 (Ind. Ct. App. 2012), *reh'g denied*, *trans. denied*. The appellant bears the burden of demonstrating his sentence is inappropriate. *Amalfitano v. State*, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011), *trans. denied*. When considering the nature of the offense, the advisory sentence is the starting point for determining the appropriateness of a sentence. *Anglemeyer*, 868 N.E.2d at 494.

[15]     The sentencing range for a Level 2 felony is a fixed term between ten and thirty years with the advisory sentence being seventeen and one-half years. Ind. Code § 35-50-2-4.5 (2014). Baxter was sentenced to twenty years for each Level 2 felony. If a person has been convicted of a Level 2 felony and is a habitual offender, the court shall sentence that person to an additional fixed term between six and twenty years. Ind. Code § 35-50-2-8(i)(1). The trial court ordered Baxter's sentence for count two to be served concurrent to his sentence for count one and enhanced his sentence for count one by eight years based on his adjudication as an habitual offender, for an aggregate sentence of twenty-eight years.

[16]     Baxter twice sold methamphetamine to an undercover agent. Baxter communicated and set up his deals through text messaging. When he was apprehended, Baxter possessed a large sum of cash and multiple cell phones. While the nature of his offense is not particularly egregious, our review requires us to also examine Baxter's character.

[17]     When considering the character of the offender, one relevant fact is the defendant's criminal history. *Johnson v. State*, 986 N.E.2d 852, 857 (Ind. Ct. App. 2013). Baxter has a lengthy criminal history including convictions of criminal trespass, resisting law enforcement, possession of a controlled substance, possession of marijuana, battery, and possession of a controlled substance with intent to distribute, and including multiple convictions of possession of cocaine, operating a vehicle without ever receiving a license, and driving while suspended. Baxter also has juvenile adjudications for possession

of marijuana, possession of cocaine, and fleeing from law enforcement. Baxter has had his probation and work release revoked for violations six times. (App. Vol. II at 35-42.) Baxter argues his difficult childhood should entitle him to a more lenient sentence. In light of Baxter's significant criminal history, his difficult childhood is entitled to little, if any, mitigating weight. *See Bethea v. State*, 983 N.E.2d 1134, 1141 (Ind. 2013) (holding sentence above advisory not inappropriate even though defendant claimed difficult childhood).

[18] Given Baxter's poor character as demonstrated by his many adult convictions and juvenile adjudications, we cannot say Baxter's sentence is inappropriate. *See Clark v. State*, 26 N.E.3d 615, 619 (Ind. Ct. App. 2014) (defendant's extensive criminal history showed bad character and allowed for aggravated sentence), *trans. denied.*

# Conclusion

[19] Baxter failed to demonstrate that the trial court relied on the prosecutor's statements when it sentenced him. Additionally, Baxter's poor character allowed for an aggravated sentence and thus his sentence was not inappropriate. Accordingly, we affirm.

[20] Affirmed.

Crone, J., and Pyle, J., concur.