## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 28 2020, 10:25 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer L. Koethe
Navarre, Florida

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Anthony Kutch,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 28, 2020

Court of Appeals Case No.
20A-CR-763

Appeal from the La Porte Superior
Court No. 1

The Honorable Michael S.
Bergerson, Judge

Trial Court Cause No.
46D01-1809-F4-1075

**May, Judge.**

[1] Anthony Kutch appeals the six-year sentence imposed following his conviction of Level 4 felony burglary.[1] He raises two issues on appeal, which we revise and restate as: (1) whether the trial court abused its discretion in imposing his sentence; and (2) whether Kutch's sentence is inappropriate given the nature of his offense and his character. We affirm.

## Facts and Procedural History

[2] After Justin and Brynn Keist noticed food missing from their house on several occasions, they installed surveillance cameras inside their house. On August 25, 2018, the surveillance cameras captured Kutch enter the house through a window. He then rummaged through a dresser and left the house with items concealed in his front sweatshirt pockets. The Keists contacted the La Porte Police Department, and officers arrested Kutch. The State charged Kutch with Level 4 felony burglary.

[3] On January 16, 2020, Kutch and the State entered into a plea agreement whereby Kutch agreed to plead guilty and the State agreed to argue sentencing to the court with six years being the maximum sentence the court could impose. The trial court held a change of plea hearing and set the matter for a sentencing hearing on February 27, 2020. In a statement Kutch submitted as part of his Pre-Sentence Investigation report, Kutch stated, "I know what I did was wrong

---

[1] Ind. Code § 35-43-2-1.

and I don't deny the fact that I broke the law. Not only did I let myself down as a man but I also let my friends and family down[.]" (App. Vol. II at 92.) At the sentencing hearing, Kutch stated that he was addicted to heroin at the time of the offense, and he attributed his twelve juvenile referrals to "a very rough childhood." (Tr. Vol. II at 23.) The State noted that while Kutch's criminal history was not "excessive," it was "somewhat troubling," and the State characterized Kutch as a high risk to re-offend. (*Id*. at 24.) In addition to the juvenile referrals, Kutch had been convicted of Class B felony aiding, inducing or causing robbery[2] and had served time in the Indiana Department of Correction ("DOC"). The State asked the court to impose a six-year executed sentence. Kutch argued that, while he had a significant juvenile history, he was in his mid-thirties at the time of sentencing. Kutch also explained that he used to live with the Keists, and he knew they would not be home when he broke into their house.

[4] The trial court found two mitigating circumstances: (1) "The Defendant pled guilty and saved the State the time and the expense of having to bring this case to trial;" and (2) "Defendant is a decent candidate for rehabilitation." (App. Vol. II at 115.) The court also found three aggravating circumstances: (1) "12 previous referrals to the Juvenile Justice System;" (2) "One prior adult felony;" and (3) "The Defendant is a high risk to reoffend." (*Id*.) The trial court found the aggravating circumstances outweighed the mitigating circumstances and

---

[2] Ind. Code § 35-42-5-1 (1984) & Ind. Code § 35-41-2-4.

imposed a six-year sentence. The trial court also noted Kutch could petition for a sentence modification after serving "three (3) actual years" and completing a substance abuse program while incarcerated. (*Id*. at 116.)

# Discussion and Decision

## I. Abuse of Discretion

[5] Kutch argues the trial court abused its discretion at sentencing by omitting mitigating circumstances supported by the record. Our standard of review is well-settled:

> Sentencing decisions rest within the sound discretion of the trial court, and we review such decisions only for an abuse of discretion. *Morrell v. State*, 118 N.E.3d 793, 796 (Ind. Ct. App. 2019), *clarified on reh'g on other grounds*, 121 N.E.3d 577 (Ind. Ct. App. 2019), *trans. denied*. "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances." *Allen v. State*, 875 N.E.2d 783, 788 (Ind. Ct. App. 2007). When a trial court imposes a felony sentence, it is required to issue a sentencing statement "that includes a reasonably detailed recitation of the trial court's reasons for the sentence imposed." *Anglemyer v. State*, 868 N.E.2d 482, 484-85 (Ind. 2007), *clarified on reh'g on other grounds*, 875 N.E.2d 218 (Ind. 2007). If the court finds aggravating or mitigating circumstances, "the statement must identify all significant mitigating and aggravating circumstances and explain why each circumstance has been determined to be mitigating or aggravating." *Id.* at 490.

> A trial court may abuse its discretion in imposing a sentence by failing to enter a sentencing statement, identifying aggravating and mitigating factors the record does not support, omitting

reasons clearly supported in the record and advanced for consideration, or stating reasons for sentence that are improper as a matter of law. *Id.* at 490-91.

*Belcher v. State*, 138 N.E.3d 318, 327 (Ind. Ct. App. 2019), *trans. denied*. A trial court does not have to "accept the defendant's arguments regarding what constitutes a mitigating factor or assign proposed mitigating factors the same weight as the defendant." *Mehringer v. State*, 152 N.E.3d 667, 673 (Ind. Ct. App. 2020), *trans. denied*.

[6] Kutch argues the trial court abused its discretion by not crediting his expression of remorse as a mitigating circumstance. He did express sorrow and regret in his Pre-Sentence Investigation statement. However, "our review of a trial court's determination of a defendant's remorse is similar to our review of credibility judgments: without evidence of some impermissible consideration by the trial court, we accept its determination." *Hape v. State*, 903 N.E.2d 977, 1002-03 (Ind. Ct. App. 2009), *trans. denied*. When the court questioned Kutch at the sentencing hearing about why he committed the burglary, Kutch blamed his childhood and his addiction, and the trial court observed, "I don't hear any acceptance at all in your, in your, your response." (Tr. Vol. II at 23.) The trial court was free to discredit Kutch's Pre-Sentence Investigation statement given his refusal to accept responsibility for his actions at the sentencing hearing. We hold that the trial court did not abuse its discretion by not finding remorse to be a mitigating circumstance. *See Hape*, 903 N.E.2d at 1003 (holding trial court did

not abuse its discretion when it failed to recognized defendant's alleged remorse as a significant mitigating circumstance).

[7] Kutch contends the trial court also abused its discretion by not crediting his heroin addiction as a mitigating circumstance. Kutch's Pre-Sentence Investigation report indicates that he began using marijuana in his late teens. He became addicted to pain pills in his early thirties, and then he transitioned to heroin. Kutch reported that he completed a substance abuse program in 2015, and he attended counseling "under the order of Child Protective Services." (App. Vol. II at 89.) However, Kutch was using heroin daily at the time of the instant offense. While Kutch's substance abuse issues persisted for years prior to the instant offense, he did not seek out and get the treatment he needed to overcome his addiction. The trial court did not thoroughly ignore Kutch's substance abuse issues. It found his prospect for rehabilitation to be a mitigating circumstance. The court recommended that Kutch be placed in the IDOC's Recovery While Incarcerated program and noted that completion of the program would reflect positively on him in a future petition for sentence modification. Therefore, we hold the trial court did not abuse its discretion in failing to credit Kutch's addiction as a mitigating circumstance. *See Hape*, 903 N.E.2d at 1002 (holding trial court did not abuse its discretion in failing to credit defendant's substance abuse as a significant mitigating circumstance).

## II. Appropriateness of Sentence

[8] Kutch also argues that his sentence is inappropriate due to the nature of his offense and his character. Our standard of review regarding the appropriateness of an offender's sentence is likewise well-settled:

> We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. App. R. 7(B). Our role in reviewing a sentence pursuant to Appellate Rule 7(B) "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "The defendant bears the burden of persuading this court that his or her sentence is inappropriate." *Kunberger v. State*, 46 N.E.3d 966, 972 (Ind. Ct. App. 2015). "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014).

*Belcher*, 138 N.E.3d at 328.

[9] We use the advisory sentence as a starting point in determining the appropriateness of a sentence. *Anglemyer*, 868 N.E.2d at 494. A Level 4 felony is punishable by imprisonment for a fixed term between two years and twelve years, with the advisory sentence being six years. Ind. Code § 35-50-2-5.5. We assess "whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the 'typical' offense

accounted for by the legislature when it set the advisory sentence." *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013). Here, the trial court imposed the advisory sentence, which was also the maximum sentence available pursuant to the plea agreement. A defendant appealing the imposition of an advisory sentence faces a "particularly heavy burden" in persuading us that his sentence is inappropriate. *Fernbach v. State*, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), *trans. denied*.

[10] Regarding the nature of Kutch's offense, he does not attempt to distinguish his offense from a "typical" Level 4 felony burglary. The State notes Kutch committed multiple crimes on the day of the burglary because he consumed heroin prior to committing the burglary. However, we do not see how Kutch's consumption of heroin beforehand made the burglary itself more abhorrent than a typical burglary. Consequently, Kutch's offense was not more or less egregious than the typical burglary offense. *Rich v. State*, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008) (holding defendant's burglary offense was not more or less egregious than a typical burglary), *trans. denied*.

[11] "When considering the character of the offender, one relevant fact is the defendant's criminal history. The significance of criminal history varies based on the gravity, nature, and number of prior offenses in relation to the current offense." *Maffett v. State*, 113 N.E.3d 278, 286 (Ind. Ct. App. 2018) (internal citation omitted). Kutch argues his juvenile referrals do not reflect his current character because they stemmed from his difficult childhood and a substantial period of time has passed between the juvenile referrals and his current

conviction. However, as an adult, Kutch served time in DOC for robbery. He also pled guilty to Class A misdemeanor theft.[3] The Pre-Sentence Investigation Report noted Kutch had two active bench warrants from California at the time of sentencing because he failed to comply with the terms of his probation following misdemeanor convictions for corporal injury on a spouse/cohabitant. Kutch's criminal history reflects poorly on his character. While Kutch claims to want to overcome his addiction, his professed desire does not merit a lesser sentence. We hold that Kutch's sentence is not inappropriate given the nature of his offense and his character. *See George v. State*, 141 N.E.3d 68, 74 (Ind. Ct. App. 2020) (holding sentence not inappropriate given defendant's criminal history), *trans. denied*.

# Conclusion

The trial court did not abuse its discretion at sentence by not crediting Kutch's expression of remorse or his addiction to heroin as mitigating circumstances. We also cannot say that Kutch's sentence is inappropriate given his criminal history. Therefore, we affirm the trial court.

Affirmed.

Kirsch, J., and Bradford, C.J., concur.

---

[3] Ind. Code § 35-43-4-2 (2018).